SCOTT A. EDELMAN, SBN 116927
  sedelman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Suite 4000
Los Angeles, CA 90067-3026
Telephone: 310.552.8500
Facsimile: 310.551.8741

PERLETTE MICHÈLE JURA, SBN 242332
  pjura@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
SHAUN A. MATHUR, SBN 311029
  smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants AOL INC., OATH INC. and VERIZON MEDIA INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AOL INC., a Delaware corporation; OATH INC., a Delaware corporation; and VERIZON MEDIA INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:20-cv-02907-JWH (JEMx)<br><br>**DEFENDANTS AOL INC., OATH INC., AND VERIZON MEDIA INC.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:    John W. Holcomb |

Defendants AOL Inc., Oath Inc., and Verizon Media Inc. ("Defendants") by their undersigned attorneys, for their Answer to the Second Amended Complaint filed on March 15, 2021, by Plaintiff Evox Productions, LLC ("Plaintiff"), state as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted in this Answer, Defendants deny each and every allegation contained in the Second Amended Complaint, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the Second Amended Complaint, and specifically deny any liability to Plaintiff. Pursuant to Federal Rule of Civil Procedure 8(b), moreover, allegations in the Second Amended Complaint to which no responsive pleading is required shall be deemed to be denied. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.[1]

## RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, Defendants state as follows in response to the specific allegations in the Second Amended Complaint:

1. Defendants admit that this action purports to arise under the Copyright Act of 1976. The remainder of Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Defendants admit that this action purports to arise under the Lanham Act. The remainder of Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

---

[1] Answers to each paragraph of the Second Amended Complaint are made by Defendants without waiving, but expressly reserving, all rights Defendants may have to seek relief by appropriate motions directed to the allegations in the Second Amended Complaint.

1      3.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Oath Inc. maintains a headquarters in California.

4      4.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Oath Inc. is the successor-in-interest to AOL Inc. Defendants deny the remaining allegations in Paragraph 4.

7      5.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5.

9      6.    Defendants deny the allegations in Paragraph 6.

10      7.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

12      8.    Defendants admit that Verizon Media Inc. is registered to do business in California and has a designated agent for service in California. Defendants deny the remaining allegations in Paragraph 8.

15      9.    Defendants deny the allegations in Paragraph 9.

16      10.    Defendants deny the allegations in Paragraph 10.

17      11.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

19      12.    Defendants admit that AOL Inc. entered into a license agreement with Plaintiff. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore deny those allegations.

23      13.    Defendants admit that AOL Inc. entered into a license agreement with Plaintiff. Defendants further state that the terms of the license agreement speak for themselves, and deny any allegations that are contrary to or inconsistent with those terms. Defendants deny the remaining allegations in Paragraph 13.

27      14.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the terms of the license

agreement speak for themselves and deny any allegations that are contrary to or inconsistent with those terms. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18. Defendants admit that AOL Inc. entered into a license agreement with Plaintiff for automobile images. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny those allegations.

20. Defendants admit that AOL Inc. formerly operated Autoblog; that the Evox images AOL Inc. obtained under the license agreement were used on Autoblog before the license terminated; and that Autoblog states that it is an "internet-based automotive news and car shopping website owned and operated by Verizon Media," and that there are "6 million visitors to the Autoblog website each month." Defendants deny the remaining allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Oath Inc. is registered to do business in California and has a designated agent for service in California. Defendants deny the remaining allegations in Paragraph 26.

27. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that they have conducted business in California and in this District. Defendants deny the remaining allegations in Paragraph 27.

28. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny those allegations.

29. Defendants admit that AOL Inc. was a Delaware corporation that is now named Oath Inc. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit that Oath Inc. was a Delaware corporation. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants admit that Verizon Media Inc. is a Delaware corporation. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny those allegations.

33. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny those allegations.

35. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny those allegations.

36. Defendants admit that AOL Inc. was once a well-known web portal and online service provider. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants admit that AOL Inc. and Evox entered into a license agreement in 2014 and that Autoblog provides shopping and research tools for automobile-related information. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants admit AOL Inc. and Evox entered into a license agreement and that AOL Inc. terminated the license agreement in 2017. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny those allegations.

41. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 41 and therefore deny those allegations.

42. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny those allegations.

43. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny those allegations.

44. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 44 and therefore deny those allegations.

45. Defendants admit that Exhibit A purports to list the Certificate of Copyright Registration numbers at issue in this action, along with the number of images associated with each Certificate of Copyright Registration. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore deny those allegations.

46. Defendants admit that Exhibit B purports to list each unique work alleged to have been infringed in this action, along with the associated Certificate of Copyright Registration number. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore deny those allegations.

47. Defendants admit that Exhibit C purports to include the copies of the Certificates of Copyright Registration that are at issue in this action. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore deny those allegations.

48. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny those allegations.

49. Defendants admit that Exhibit D purports to include the copies of the Certificates of Trademark Registration that are at issue in this action. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny those allegations.

50. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny those allegations.

51. Defendants admit the allegations in Paragraph 51.

52. Defendants state that the terms of the license agreement speak for themselves, and deny any allegations that are contrary to or inconsistent with the terms of the license agreement.

53. Defendants state that the terms of the license agreement speak for themselves, and deny any allegations that are contrary to or inconsistent with the terms of the license agreement.

54. Defendants state that the terms of the license agreement speak for themselves, and deny any allegations that are contrary to or inconsistent with the terms of the license agreement.

55. Defendants state that the terms of the license agreement speak for themselves, and deny any allegations that are contrary to or inconsistent with the terms of the license agreement.

56. Defendant state that the terms of the license agreement speak for themselves, and deny any allegations that are contrary to or inconsistent with the terms of the license agreement.

57. Defendants admit the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants repeat and reallege each and every response to Paragraphs 1 through 60 of the Second Amended Complaint as if fully set forth herein.

62. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68. Defendants repeat and reallege each and every response to Paragraphs 1 through 67 as if fully set forth herein.

69. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69 and state that the allegations in Paragraph 69 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.[2]

70. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70

---

[2] Defendants file this Answer and respond to Plaintiff's allegations relating to its legally deficient trademark infringement claim because Plaintiff would not consent to Defendants' filing of a second motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) addressing Plaintiff's copyright infringement claim and trademark infringement claim. According to Plaintiff, any subsequent motion under Rule 12(b)(6) may address only Plaintiff's trademark infringement claim because Defendants' previous rule 12(b)(6) motion addressed only that claim. Accordingly, Defendants file this Answer so they may file a motion for judgment on the pleadings under Rule 12(c) addressing both of Plaintiff's claims—both of which fail as a matter of law.

and state that the allegations in Paragraph 70 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

71. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71 and state that the allegations in Paragraph 71 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

72. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 and state that the allegations in Paragraph 72 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

73. The September 18, 2018 letter speaks for itself, and Defendants deny the remaining allegations in Paragraph 73 and state that the allegations in Paragraph 73 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

74. Defendants deny the allegations in Paragraph 74 and state that the allegations in Paragraph 74 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

75. Defendants deny the allegations in Paragraph 75 and state that the allegations in Paragraph 75 relate to Plaintiff's trademark infringement claim, which

fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

76. Defendants deny the allegations in Paragraph 76 and state that the allegations in Paragraph 76 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

77. Defendants deny the allegations contained in Paragraph 77 and state that the allegations in Paragraph 77 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

78. Defendants deny the allegations in Paragraph 78 and state that the allegations in Paragraph 78 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

79. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 79 and therefore deny those allegations.  Defendants further state that the allegations in Paragraph 79 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement

80. Defendants deny the allegations in Paragraph 80 and state that the allegations in Paragraph 80 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on

Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

81. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 81 and therefore deny those allegations. Defendants further state that the allegations in Paragraph 81 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement

82. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82 and state that the allegations in Paragraph 82 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

83. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83 and state that the allegations in Paragraph 83 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

84. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84 and state that the allegations in Paragraph 84 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

85. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85

and state that the allegations in Paragraph 85 relate to Plaintiff's trademark infringement claim, which fails as a matter of law for the reasons identified in the Court's March 1, 2021 Order on Motion of Defendants to Dismiss the Second Cause of Action for Trademark Infringement.

## ANSWER TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Defendants deny that Plaintiff is entitled to any of the requested relief against them, deny any allegations contained in the Prayer for Relief to which a response is required, and request that the Court dismiss both causes of action against Defendants with prejudice and order such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses. Each defense is asserted as to both causes of action against Defendants, unless otherwise noted. By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff.

As separate affirmative defenses, Defendants allege as follows:

## FIRST DEFENSE

Defendants have not infringed, do not infringe, and are not liable for infringement of any valid copyright or copyright rights of Plaintiff, including, without limitation, copyright rights in the images that are the subject of Plaintiff's asserted claim for copyright infringement.

## SECOND DEFENSE

Defendants have not infringed, do not infringe, and are not liable for infringement of any valid trademark of Plaintiff, including, without limitation, trademark rights in the mark that is the subject of Plaintiff's asserted claim for trademark infringement.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Second Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the doctrines of waiver, abandonment, and/or forfeiture.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, ratification, and/or consent.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any use of the images and trademarks at issue was expressly or impliedly licensed and/or authorized.

### TENTH DEFENSE

Plaintiff's copyright claim is barred, in whole or in part, to the extent that Plaintiff's purported copyright registrations are invalid and/or have not been properly obtained.

### ELEVENTH DEFENSE

Plaintiff's copyright claim is barred, in whole or in part, because any alleged infringement was not caused by volitional conduct attributable to Defendants.

### TWELFTH DEFENSE

Plaintiff's trademark claim is barred, in whole or in part, because Plaintiff cannot demonstrate any likelihood that the public has been confused or misled as to the source of the goods at issue.

**THIRTEENTH DEFENSE**

Plaintiff's trademark claim is barred, in whole or in part, because any alleged use is protected by the Lanham Act's fair use provision.

**FOURTEENTH DEFENSE**

Plaintiff's trademark claim is barred, in whole or in part, because Defendants acted in good faith without intent to trade on Plaintiff's trademark rights.

**FIFTEENTH DEFENSE**

To the extent any display, distribution, or other use of the images or trademarks at issue in this action is found to have been an infringement of the copyrights in said images or trademarks, Plaintiff's damages, if any, are limited because Defendants were not aware and have no reason to believe that their acts constituted an infringement of those copyrights or trademarks, and therefore, any alleged infringement of Plaintiff's copyrights or trademarks was not intentional or willful.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damage or injury as a result of any act or conduct by Defendants.

**SEVENTEENTH DEFENSE**

Plaintiff's claim for equitable relief, including for injunctive relief, is barred because Plaintiff has an adequate remedy at law.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the damages sought are too remote and speculative.

**NINETEENTH DEFENSE**

Plaintiff's damages, if any, are limited to the few compilations in which the images at issue were licensed.

**TWENTIETH DEFENSE**

To the extent Plaintiff has suffered any damages, it has failed to take reasonable steps to mitigate such damages. By failing to take steps earlier to prevent the alleged

misconduct attributed to Defendants, Plaintiff has failed to mitigate its alleged losses.

## TWENTY-FIRST DEFENSE

Plaintiff's damages, if any, are limited by the prohibition on excessive damages under the Due Process Clause of the Fourteenth Amendment.

\*     \*     \*

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional yet unstated defenses. Defendants reserve the right to assert any additional defenses as may be discovered during the conduct of this litigation, and further reserve the right to amend this Answer and assert all such defenses.

## PRAYER

WHEREFORE, Defendants respectfully request:

1. That Plaintiff takes nothing by way of its Second Amended Complaint;
2. That Plaintiff's Second Amended Complaint be dismissed in its entirety with prejudice;
3. That Defendants be granted their reasonable attorneys' fees, costs and expenses; and
4. That the Court award such other and further relief as it deems just and proper.

DATED: March 29, 2021

SCOTT A. EDELMAN
PERLETTE MICHELE JURA
ILISSA SAMPLIN
SHAUN A. MATHUR
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Scott A. Edelman
         Scott A. Edelman

Attorneys for Defendants AOL INC., OATH INC. and VERIZON MEDIA INC.