SCOTT A. EDELMAN, SBN 116927
  sedelman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Suite 4000
Los Angeles, CA 90067-3026
Telephone: 310.552.8500
Facsimile: 310.551.8741

PERLETTE MICHÈLE JURA, SBN 242332
  pjura@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
SHAUN A. MATHUR, SBN 311029
  smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant Yahoo Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO INC.,<br><br>Defendant. | CASE NO. 2:20-cv-02907-MEMF-JEM<br><br>**YAHOO'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE PARTIES' DISCOVERY DISPUTES**<br><br>**HEARING:**<br>Date:    July 5, 2023<br>Time:   10:00 a.m.<br>Judge:  Maame E-M. Frimpong |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 5, 2023 at 10:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B of the United States Courthouse, located at 350 West First Street, Los Angeles, CA 90012, Defendant Yahoo Inc. ("Yahoo") will and hereby does move this Court for an order under Federal Rules of Evidence 401–402, 801–802, and 403 precluding Evox from (a) presenting any evidence or argument concerning the parties' discovery disputes, including any allegation that Yahoo, or any entity previously named as a defendant in this case, destroyed or withheld evidence in violation of their discovery obligations; and (b) presenting any argument that Evox's lack of evidence is the result of Yahoo's failure to comply with its discovery obligations.[1]

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Shaun Mathur in support thereof, all other pleadings and papers on file in this action, any oral argument that may be heard by the Court, and any other matters that the Court may deem appropriate.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel, which took place on May 26, 2023. During that conference, the parties were unable to resolve the issues presented in this Motion.

DATED: June 7, 2023

        SCOTT A. EDELMAN
        PERLETTE MICHELE JURA
        ILISSA SAMPLIN
        SHAUN A. MATHUR
        GIBSON, DUNN & CRUTCHER LLP

        By: */s/ Scott A. Edelman*
        Scott A. Edelman

        Attorneys for Defendant Yahoo Inc.

---

[1] Because the parties agreed to substitute "Yahoo Inc." for all three prior Defendants (Dkt. 161), this motion uses "Yahoo" and "AOL" interchangeably.

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND .................................................................................................. 1

III. ARGUMENT ........................................................................................................ 5

    A. Evidence Of The Parties' Discovery Disputes Is Irrelevant ...................... 5

    B. Judge McDermott's Ruling Is Inadmissible Hearsay ............................... 8

    C. Evidence Of Discovery Disputes Is Inadmissible Under Rule 403 ........... 8

IV. CONCLUSION .................................................................................................. 10

## I.  INTRODUCTION

Evox intends to present evidence and argument concerning the parties' discovery disputes and Yahoo's purported failure to comply with its discovery obligations. For example, Evox's summary judgment motion is littered with baseless accusations that Yahoo failed to "preserve" evidence even *before* Evox notified Yahoo of a potential suit and "refused" to produce evidence in discovery. But all the parties' discovery disputes have been resolved, and there is no evidence Yahoo engaged in discovery misconduct, much less any orders saying so. To the contrary, evidence from before Evox threatened a claim was lost through normal document retention procedures because Evox, in violation of its contractual duty to notify Yahoo of a potential claim, waited to notify Yahoo so that Yahoo would be ignorant while statutory damages continued to accrue. And Yahoo has produced all evidence it was required to produce, and answered numerous questions from Evox about evidence outside the formal discovery process, including after fact discovery closed. Yahoo also agreed to multiple extensions of the case schedule, and to permit Evox to disclose multiple expert witnesses so that Evox could have every opportunity to review the evidence and prepare its case for trial.

Evox should be precluded from presenting any evidence or argument of the parties' discovery disputes and compliance with discovery obligations, or otherwise suggest that Evox's lack of evidence is due to Yahoo's failure to comply with its discovery obligations. Trial is the time to try the case based on the evidence, not the time to air grievances about and litigate the discovery process. Any such evidence and argument is irrelevant to the issues to be presented at trial, and its introduction would be unfairly prejudicial, confusing, misleading, and result in a substantial waste of time.

## II.  BACKGROUND

***Factual Background.*** Evox granted AOL (a legal predecessor to Yahoo Inc.) a license authorizing AOL to use Evox images on AOL's Autoblog website in April 2014. Dkt. 147-1 ¶¶ 1–3, 21. AOL stored Evox images on AOL's server and used them on the "product side" of Autoblog, which includes a "Compare" tool that allows users and

Case 2:20-cv-02907-MEMF-SSC   Document 169   Filed 06/07/23   Page 5 of 14   Page ID #:8194

potential vehicle purchasers to compare up to three vehicles side-by-side. *Id.* ¶¶ 9–21.

AOL exercised its contractual right to terminate the license in February 2017. Dkt. 147-1 ¶¶ 4, 34. Before terminating the license, AOL took affirmative steps to remove Evox images from the Autoblog website. *Id.* ¶¶ 23–29, 31–33; Dkt. 144-2 at 737, 742–44. In December 2016, Tom Pitts—principal architect for Autoblog—rewrote software code to ensure that Evox images no longer appeared on the product side of the Autoblog site and that images AOL received from a different vendor, Autodata, appeared instead. Dkt. 147-1 ¶¶ 28–29; Dkt. 144-2 at 742–44. Although Pitts learned nearly two years later that he inadvertently missed swapping out Evox images on the Compare part of Autoblog, all Evox images had been permanently deleted from AOL's systems in June 2017 due to an unrelated server shutdown. Dkt. 144-2 at 72–74, 744–45; Mathur Decl. Ex. 1 at 30:2-10, 31:20-23, 32:4-7, 32:22–33:16, 36:16-19, 39:4-9.

AOL maintained "access logs" (or "server logs") that recorded, among other things, each time an Evox image was called from AOL's server and delivered to an Autoblog user. Dkt. 144-2 at 48, 169. Because access logs occupy substantial space and are used to troubleshoot technical issues as they arise (and not to analyze historical data or trends), access logs roll off AOL's systems after two weeks in the ordinary course. *Id.* at 168. As a result, access logs indicating whether and when any Evox images had been delivered to Autoblog users in 2017 were "long gone" by the time Evox informed AOL of a potential claim in August 2018—when Evox sent a demand letter threatening to seek more than $200 million in statutory damages. *Id.* at 173, 432–33.

***Evox's motion to compel.*** Evox filed this lawsuit in March 2020, alleging that AOL infringed Evox's right to publicly display its images. Dkt. 1; 17 U.S.C. § 106(5). At the time, Evox's theory of liability rested entirely on the so-called "making available" theory of copyright infringement—i.e., that AOL infringed the public display right when it stored Evox images on its server and made them available to the public after the license terminated, regardless of whether any member of the public had actually been served and accessed a single image. Dkt. 15 ¶¶ 38, 59, 63–64.

2

Gibson, Dunn & Crutcher LLP

1  Discovery opened in August 2020 (Dkt. 32), and it quickly became apparent that
2  access logs created in 2017 no longer existed because Evox failed to comply with its
3  contractual duty to "promptly inform" AOL of "information related to the Images which
4  could reasonably lead to a claim … of … either Party," or exercise its right to audit
5  AOL's records.  Dkt. 144-2 at 15–16; *see* Mathur Decl. Ex. 2 at 2.  Evox commenced a
6  covert investigation in April 2017 into AOL's storage of Evox images after the license
7  terminated (Dkt. 147-1 ¶ 73), but chose not to tell AOL of its findings until August 2018
8  (*id.* ¶ 95)—after the access logs were long gone.

9  Nonetheless, the parties engaged in substantial fact discovery, producing more
10 than 16,000 documents, propounding more than 80 written discovery requests, and
11 conducting nine fact witness depositions.  Dkt. 70-1 ¶ 9.  During those depositions, AOL
12 witnesses testified that AOL maintained "page view" data from Google Analytics that
13 tracked "how many times a particular page has been viewed."  Dkt. 70-3 at 88:20–89:7;
14 Dkt. 70-7 at 71:1-5, 74:20-24, 76:12-15, 78:13-21.  Unlike access logs, raw page view
15 data does not indicate "whether or not Evox images were displayed when [the] pages
16 were visited."  Mathur Decl. Ex. 3 at 78:17-21.  In any event, Defendants produced
17 revenue data in response to Evox's request for revenue information, and voluntarily
18 included page view data for Autoblog from 2016.  Dkt. 70-1 ¶ 13 & Ex. 4; Dkt. 64-9.
19 At no point during discovery did Evox propound a request for page view data for 2017.

20 Instead, Evox waited until 21 days *after* fact discovery closed—and two days after
21 Judge Marshall rejected Evox's making available theory in a separate case against
22 Yahoo, *Evox Prods., LLC v. Verizon Media Inc.*, 2:20-cv-2852-CBM-JEM, Dkt. 51 at 4
23 (C.D. Cal. May 5, 2021)—to demand 2017 page view data.  Dkt. 70-1 ¶ 22 & Ex. 13.[2]
24 Magistrate Judge McDermott ordered AOL to produce 2017 page view data (Dkt. 119),
25 and AOL complied, producing more than a dozen spreadsheets of detailed page view
26 data and analysis in November 2021, April 2022, and September 2022.  Dkt. 144 at 75;

---

[2] In this case, Judge Holcomb similarly dismissed Evox's making available theory at the pleadings stage.  Dkt. 89 at 5:12–6:15; Dkt. 109 at 8–10.  Evox has never sought reconsideration of Judge Holcomb's orders.

Dkt. 144-2 at 745–55, 759–65.  AOL also provided multiple verifications concerning the data—one pursuant to Judge McDermott's order, and the other at Evox's request. Mathur Decl. Ex. Nos. 4–5.

During and after the period in which AOL produced the page view data, the parties worked cooperatively to extend the pretrial deadlines to allow sufficient time for the parties to review all the data, produce expert reports analyzing the data, and conduct any necessary depositions of those experts, and Yahoo answered numerous questions from Evox concerning the data outside the formal discovery process.  Dkt. Nos. 128, 130, 132, 134, 135, 138; *see also* Dkt. 144-2 at 676; Mathur Decl. Ex. Nos. 6–7.  At no point during that period (or before or after it, for that matter) did Evox ever allege that AOL intentionally destroyed evidence or failed to comply with Judge McDermott's order or any of AOL's other discovery obligations.  Nor did Evox ever allege spoliation, file a motion for monetary sanctions or an adverse inference instruction, or seek any other such relief.  And there is no Court order that AOL violated its discovery obligations or committed discovery misconduct.

***Evox's motion for summary judgment.***  There is no dispute AOL complied with Judge McDermott's order and produced all evidence it was ordered to produce.  But in an attempt to portray AOL as hiding harmful evidence and invite an inference that more Evox images should be at issue than plausibly could be based on the page view data, Evox has argued AOL failed to preserve and produce evidence in violation of its discovery obligations.  For example, Evox argued at summary judgment that "Defendants did not *preserve* the server logs that would have recorded precisely how many times Evox images had been served after the License Agreement was terminated" (Dkt. 144 at 3 (emphasis added))—***even though AOL was not on notice to preserve logs for 2017, because its duty to preserve was not triggered until Evox first gave notice of its claim in August 2018.***  Dkt. 147-1 ¶ 95.  Evox also argued that "Defendants *refused* to disclose [page view] data in response to discovery requests[] [until] they were ultimately ordered to disclose it" (Dkt. 144 at 100 (emphasis added))—which is

irrelevant at this point because Evox does not dispute that it received and had ample time to review the data and incorporate it into its case. Evox never raised any of these purported discovery issues before making these inflammatory statements at summary judgment, yet Evox has indicated it intends to make similar arguments to the jury at trial.

### III.     ARGUMENT

The Court should exclude all evidence and argument concerning the parties' discovery disputes, including any allegation that Yahoo violated its discovery obligations, and preclude Evox from suggesting that its lack of evidence is due to Yahoo's failure to comply with its discovery obligations. Any such evidence or argument is irrelevant to the issues to be tried, inadmissible hearsay, and unfairly prejudicial, confusing, misleading, and wasteful. Fed. R. Evid. 401–403, 801–802.

**A.     Evidence Of The Parties' Discovery Disputes Is Irrelevant**

The parties' discovery disputes and Evox's stale arguments about Yahoo's purported failure to comply with its discovery obligations are irrelevant to the issues to be tried. Fed. R. Evid. 401–402. Courts have long recognized it is improper "to relitigate in front of the jury any discovery issue resolved by the magistrate judge" (*White v. Deere & Co.*, 2016 WL 525911, at *3 (D. Colo. Feb. 10, 2016)), and routinely preclude parties from rehashing or referencing discovery disputes during trial. *See, e.g.*, *Van v. Language Line Servs., Inc.*, 2016 WL 3566980, at *3–4 (N.D. Cal. June 30, 2016); *Wyatt Tech. Corp. v. Malvern Instr., Inc.*, 2010 WL 11505684, at *16 (C.D. Cal. Jan. 25, 2010).

In *Wyatt*, for example, the defendant moved to exclude evidence that it "destroyed evidence, fearing that [the plaintiff] intend[ed] to introduce that evidence at trial to obtain adverse inferences from the destruction" and "bring the parties' discovery disputes into the courtroom." 2010 WL 11505684, at *14, 16. As in this case, the plaintiff "cite[d] no facts to support" the assertion that the defendant "destroyed relevant evidence" when it "had an obligation to preserve it." *Id.* at *14–16. The court therefore granted the defendant's motion *in limine*, and explained that "[a] trial is not the appropriate forum in which to air [discovery] grievances and both parties are precluded

5

from bringing any discovery disagreements to light at trial." *Id.* at *16.

In *Barnett v. Gamboa*, 2013 WL 174077, at *2 (E.D. Cal. Jan. 16, 2013), the court similarly granted a motion to preclude the plaintiff "from making references at trial to any purportedly missing or undisclosed evidence, or to suggest to the jury that Defendants engaged in discovery abuse in this case." The court held that "[e]vidence of discovery disputes between the parties or reference to whether Defendants' production complied with the rules governing discovery are not relevant" to the issues at trial. *Id.*

And in *Mformation Techs., Inc. v. Research in Motion Ltd.*, the court "exclude[d] evidence of the parties' pretrial discovery disputes, such as motions to compel testimony or production," reasoning that "[e]vidence of the parties' discovery disputes are not relevant to the questions of patent validity or infringement, and thus should not be presented to the jury. ***This includes evidence that Plaintiff produced some source code later than it should have under the discovery rules***." 2012 WL 2339762, at *2 (N.D. Cal. June 7, 2012) (emphasis added).

Courts have reached the same conclusion even where, unlike here, the defendant had been sanctioned. In *Stitch Editing Ltd. v. TikTok Inc.*, the plaintiff had filed multiple motions to compel during discovery, and the magistrate judge found the "Defendants' discovery conduct to be in violation of their duties." 2:21-cv-6636-SB-SK, Dkt. 211 at 1 (C.D. Cal. Dec. 5, 2022). Nonetheless, Judge Blumenfeld granted the defendants' motion to exclude evidence and argument of the parties' discovery disputes, concluding discovery disputes "are not relevant to the matters to be determined by the jury" (2:21-cv-6636-SB-SK, Dkt. 385 at 2 (C.D. Cal. Jan. 27, 2023)), and precluding the parties from "referring to objections, to the failure to produce, [or] to the failure to comply with discovery obligations" (Mathur Decl. Ex. 8 at 7:10-13).

Here, too, evidence and argument concerning the parties' discovery disputes and compliance with their discovery obligations—including any allegation that Yahoo failed to "preserve" evidence and the circumstances surrounding Yahoo's production of page view data—are not relevant to Evox's claim, and should not be presented to the jury.

Evox has never disputed that all the access logs for 2017 were destroyed in the ordinary course of Yahoo's business before it was under any obligation to preserve evidence relevant to this lawsuit. Nor has Evox ever disputed that Yahoo complied with Judge McDermott's order and all other discovery obligations, and there is no Court order finding otherwise. If anything, Yahoo *exceeded* its obligations when it answered multiple questions from Evox about the data well after fact discovery had closed, and provided a second verification at Evox's request. All evidence and argument concerning the parties' fully resolved discovery disputes are "irrelevant" because they "do not bear on the merits of [Evox's] claims" (*Van*, 2016 WL 3566980, at *4), or "the issues the jury will be asked to decide." *Wheeler v. Lynn*, 2012 WL 2994270, at *2 (W.D. Mo. July 20, 2012); *see Thompson v. Glenmede Trust Co.*, 1996 WL 529693, at *2 (E.D. Pa. Sept. 17, 1996) (excluding "irrelevant side issues of the discovery process").

Evox has argued that evidence of a defendant's purported discovery tactics is relevant to the amount of statutory damages under the Copyright Act, but that is wrong. To be sure, courts assessing the appropriate amount of statutory damages have considered "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. Apr. 17, 2008). But Evox is not alleging that Yahoo failed to provide records from which to assess the *value* of the allegedly infringing material. Evox cannot identify a single piece of evidence for which it propounded a discovery request and that Yahoo did not produce. And courts relying on this factor do so when a defendant has completely failed to cooperate in the litigation, necessitating a motion for default judgment. *E.g.*, *id.* at 1238; *Stephen Wurth Photography, Inc. v. Wetpaint.com, Inc.*, 2018 WL 5266861, at *5 (C.D. Cal. Oct. 5, 2018); *Wild v. Peterson*, 2016 WL 3854242, *4 (E.D. Cal. July 15, 2016). That is not this case. And Yahoo is otherwise aware of no authority finding this factor relevant where, as here, the defendant produced all the evidence it was required to produce, and there was no finding that the defendant violated any court order or discovery obligation.

### B.  Judge McDermott's Ruling Is Inadmissible Hearsay

Evox should not be permitted to introduce or reference Judge McDermott's order, which is inadmissible hearsay to which no exception applies. "[J]udicial findings of fact are hearsay, inadmissible to prove the truth of the findings." *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007). A prior order's legal conclusions also are inadmissible hearsay. *See id.*; *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001).

### C.  Evidence Of Discovery Disputes Is Inadmissible Under Rule 403

Evidence and argument concerning the parties' discovery disputes and compliance with their discovery obligations also is unfairly prejudicial, confusing, and misleading, and would waste substantial time. Fed. R. Evid. 403; *see Wyatt Tech.*, 2010 WL 11505684, at *16 ("bringing any discovery disputes to light at trial" would "likely confuse the true issues"); *United States v. Gray*, 2010 WL 1258169, at *3 (N.D. Ind. Mar. 26, 2010) ("references to discovery in the presence of the jury should be prohibited because they may mislead the jury"); *Thompson*, 1996 WL 529693, at *2 ("allowing the parties to describe four years of discovery to the jury will detract from the issues").

In *Van*, for example, the court granted the defendant's motion to exclude "evidence regarding discovery disputes, discovery negotiations, claims of privilege, use of the term 'forged' with respect to the documents produced in discovery, and alleged unethical behavior by counsel." 2016 WL 3566980, at *3–4. The court explained "[t]he risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time substantially outweigh[ed] any minimal to non-existent probative value of this evidence." *Id.* The "risk of unfair prejudice [was] particularly high" because the disputes had been resolved. *Id.* at *4; *see Caparotta v. Entergy Corp.*, 168 F.3d 754, 758 (5th Cir. 1999) (raising Rule 403 concerns with "relitigating" spoliation at trial).

As in *Van*, the parties' discovery disputes here have been briefed, argued, and resolved. Allowing Evox to present evidence of any such resolved discovery disputes may "lead the jury to conclude that [AOL] tried to gain an advantage by suppressing

evidence" (*Mformation Techs.*, 2012 WL 2339762, at *2)—which is highly prejudicial given that there is no evidence or finding that Yahoo committed any bad faith, negligent, or intentional misconduct. *See Brown v. Carr*, 2008 WL 167313, at *7 (S.D. Tex. Jan. 16, 2008) (a party "shall not suggest that [the opposing party] has withheld any evidence without first establishing bad faith out of the jury's presence"); *cf. Imagenetix, Inc. v. Robinson Pharma, Inc.*, 2017 WL 8940118, at *4 (C.D. Cal. Jan. 12, 2017) (adverse inference warranted only "where a party's bad faith or gross negligence has resulted in spoliation"). To the contrary, none of the access logs for 2017 that Evox says Yahoo failed to "preserve" existed when Evox finally notified AOL of a potential claim in August 2018. There is no dispute that AOL produced all the evidence in its possession, custody, and control that it was required to produce in response to discovery requests and Judge McDermott's order. And there has never been any finding that Yahoo violated a Court order or otherwise engaged in discovery misconduct of any kind.

Further, if the Court permits Evox to present evidence and argument of discovery disputes, Yahoo would be compelled to explain the discovery process to the jury, comprised of individuals unfamiliar with the nuances of discovery, and present evidence of Evox's lack of diligence and failure to seek page view data until fact discovery closed and it feared its making available would be dismissed, the parties' prior briefing on Evox's motion to compel, and correspondence between counsel, to place Evox's contentions in proper context. Fed. R. Evid. 106; *Stehn v. Cody*, 74 F. Supp. 3d 140, 148 (D.D.C. 2014). Yahoo also would have to explain that litigants' preservation obligations trigger only when a party is on notice of a potential claim, that parties acting in good faith frequently disagree on what evidence is discoverable or responsive to requests for production, and that motions to compel are common in federal civil litigation—especially in cases where one side is seeking hundreds of millions of dollars in damages. Allowing Evox to put the completed discovery process on trial would waste an enormous amount of time, cause undue prejudice to Yahoo, and substantially confuse the jury and the issues. *See 640 Octavia, LLC v. Heinz-Pieper*, 843 F. App'x 924, 925

(9th Cir. 2021) (affirming exclusion of evidence to "avoid[] 'side shows'"); *Barten v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11111309, at *4 (D. Ariz. Apr. 8, 2015) ("if the evidence of these [court] orders is introduced, Plaintiff would have to be permitted to explain the particulars, which would cause unnecessary delay and possible confusion of issues"); *Republic of Turkey v. Christie's, Inc.*, 2021 WL 1089487, at *4 (S.D.N.Y. Mar. 22, 2021) (excluding evidence where "rebuttal case as to each piece of evidence would take up significant amounts of time").

Judge Blumenfeld relied on these Rule 403 concerns in granting a similar motion in *TikTok*: "Allowing Plaintiff to comment on Defendants' misconduct would open the door for Defendants to comment on Plaintiff's misconduct, leading to an irrelevant minitrial on discovery compliance that would waste time and would be likely to confuse the issues. Highlighting discovery misconduct by Defendants is also likely to be unduly prejudicial." 2:21-cv-6636-SB-SK, Dkt. 385 at 2; *see also* Mathur Decl. Ex. 8 at 8:3–9:12 (Judge Blumenfeld explaining that introducing evidence of discovery disputes is "unduly prejudicial because [an] adverse inference isn't warranted and it would consume a great deal of time and cause confusion to try to flesh out and educate the jury about what happened during the discovery process and what are the rules of discovery to what end"). "Imagine what a trial would look like if grievances in discovery continued to spillover into trial. That's not going to happen here." Mathur Decl. Ex. 8 at 9:10-12. Nor should it happen here.

## IV.   CONCLUSION

The Court should preclude Evox from (a) presenting any evidence or argument concerning the parties' discovery disputes, including any allegation that Yahoo, or any entity previously named as a defendant in this case, destroyed or withheld evidence in violation of their discovery obligations; and (b) presenting any argument that Evox's lack of evidence is the result of Yahoo's failure to comply with its discovery obligations.

DATED: June 7, 2023

SCOTT A. EDELMAN
PERLETTE MICHELE JURA
ILISSA SAMPLIN
SHAUN A. MATHUR
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Scott A. Edelman*
Scott A. Edelman

Attorneys for Defendant Yahoo Inc.