SCOTT A. EDELMAN, SBN 116927
  sedelman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Suite 4000
Los Angeles, CA 90067-3026
Telephone: 310.552.8500
Facsimile: 310.551.8741

PERLETTE MICHÈLE JURA, SBN 242332
  pjura@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
SHAUN A. MATHUR, SBN 311029
  smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants AOL INC., OATH INC., and VERIZON MEDIA INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| EVOX PRODUCTIONS LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>      v.<br><br>YAHOO INC.,<br><br>            Defendant. | CASE NO. 2:20-cv-02907-MEMF-JEM<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE OPINIONS AND TESTIMONY OF JEFFREY SEDLIK**<br><br>**HEARING:**<br>Date:        July 5, 2023<br>Time:        10:00 a.m.<br>Judge:      Maame E-M. Frimpong |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 5, 2023 at 10:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B of the United States Courthouse, located at 350 West First Street, Los Angeles, CA 90012, Defendant Yahoo Inc. ("Defendant") will and hereby does move this Court for an *in limine* order exclude the proffered expert opinions of Evox expert Jeffrey Sedlik, reflected in Sedlik's expert report at Sections E through BB (pages 21–42), pursuant to Federal Rules of Evidence 702(a) and 403, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and related authorities.[1]

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Shaun Mathur in support thereof, all other pleadings and papers on file in this action, any oral argument that may be heard by the Court, and any other matters that the Court may deem appropriate.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel, which took place on May 26, 2023.  During that conference, the parties were unable to resolve the issues presented in this Motion.

DATED:  June 7, 2023

SCOTT A. EDELMAN
PERLETTE MICHELE JURA
ILISSA SAMPLIN
SHAUN A. MATHUR
GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Scott A. Edelman*
Scott A. Edelman

Attorneys for Defendant YAHOO INC.

---

[1]  Because the parties agreed to substitute "Yahoo Inc." for all three prior Defendants (Dkt. 161), this motion uses "Yahoo" and "AOL" interchangeably.

1

## TABLE OF CONTENTS

2

Page(s)

3   I.   INTRODUCTION ................................................................................... 1

4   II.  ARGUMENT ......................................................................................... 2

5        A.   The Court Should Exclude Sedlik's Opinions About Creative
             Expression, Originality, Copyright Registrations, Validity, And
6            Ownership ................................................................................... 2

7        B.   The Court Should Exclude Sedlik's Independent Economic Value
             Opinions ...................................................................................... 5
8

9        C.   The Court Should Exclude Sedlik's Opinions About Third-Party
             Uses, The License Agreement, And AOL's Alleged Willful
             Infringement .............................................................................. 8
10

     III. CONCLUSION .................................................................................. 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OPINIONS AND TESTIMONY OF JEFFREY SEDLIK
CASE NO. 2:20-CV-02907-MEMF(JEMX)

# I.    INTRODUCTION

Numerous courts have excluded the opinions of Evox's expert, Jeffrey Sedlik, whom Evox has tasked to opine in this case on the "original expression exercised in EVOX's authorship of photographs," "copyright registration issues and workflows, contractual issues, image license issues," and "applicable damages." Sedlik should be precluded from offering these plainly improper and inadmissible legal opinions at trial.

*First*, Sedlik opines on the purported "creative expression" and originality of Evox's images, and the validity and ownership of Evox's copyright registrations. These opinions are inadmissible because they speak to issues that are not in dispute and are thus "unhelpful" to the jury, and reflect impermissible *legal conclusions*.

*Second*, Sedlik says each of Evox's 281,721 images at issue has independent economic value for statutory damages purposes. Sedlik's economic value opinions are neither relevant nor based on any methodology, much less a "reliable" one. They are based purely on Sedlik's own say-so, and they reflect impermissible *legal conclusions*. Mr. Sedlik's independent economic value opinions are inadmissible.

*Third*, Sedlik opines on AOL's alleged facilitation of third-party infringement, which also is irrelevant to Evox's claims of *direct* infringement—and, therefore, is inadmissible. He further opines on the parties' obligations under their license, AOL's alleged failure to adhere to the license terms, and AOL's purported willful infringement. These are blatant *legal opinions*—not expert testimony—and should be excluded.

Evox is not permitted to pay an expert to fill holes in the evidentiary record by parroting Evox's positions and telling the jury the legal conclusions Evox desires the jury to reach. *Multiple* courts have excluded Sedlik's testimony for these reasons. This Court should do the same, and preclude Sedlik from offering the above opinions at trial, as set forth in Sections E through BB of his expert report. Ex. 48 at 21–43.[2]

---

[2] Unless otherwise noted, all Exhibit citations refer to the declaration of Shaun Mathur filed in support of this Motion.

Gibson, Dunn &
Crutcher LLP

## II.    ARGUMENT

Expert testimony is admissible only if it will "help the trier of fact to understand the evidence or to determine a fact *in issue*."  Fed. R. Evid. 702(a) (emphasis added).  "This condition goes primarily to relevance"—meaning that "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."  *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 591 (1993).  It also is axiomatic under Rule 702(a) that "an expert witness cannot give an opinion as to [a] *legal conclusion*, i.e., an opinion on an ultimate issue of law" (*Nationwide Transp. Fin. v. Cass Info Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008)), nor "state legal conclusions drawn by applying the law to the facts" (*Gable v. Nat'l Broad.*, 727 F. Supp. 2d 815, 835 (C.D. Cal. 2010)).  Further, expert testimony must be "the product of reliable principles and methods" (Fed. R. Evid. 702(a)), and the expert must sufficiently "explain the methodology . . . followed to reach [their] conclusion."  *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002).  "Even if otherwise admissible under Rule 702 expert testimony 'may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, or misleading the jury or . . . undue delay,' and 'waste of time.'"  *Perfect 10, Inc. v. Giganews, Inc.*, 2014 WL 10894452, at *3 (C.D. Cal. Oct. 31, 2014) (quoting Fed. R. Evid. 403).

Broad swaths of Sedlik's proposed opinions, reflected in Sections E through BB of his Report, violate these fundamental tenets of admissible expert testimony.  The Court should preclude Sedlik from offering these opinions at trial.

## A.    The Court Should Exclude Sedlik's Opinions About Creative Expression, Originality, Copyright Registrations, Validity, And Ownership

***Creative Expression.***    Sedlik opines on the purported "creative expression" involved in Evox's photography process, including its selection of concepts, lighting, environment, positioning, props, camera equipment, framing, and post-production processes underlying the creation of its images.  Ex. 48 at 21–33 (Sections E through P).  The Court should exclude these opinions because they are irrelevant and "unhelpful" to the jury.  Fed. R. Evid. 702(a).

Evox's purported "creative expression" in creating its images pertains to whether the images possess the requisite amount of originality to be afforded copyright protection.  17 U.S.C. § 102 (a) ("works of authorship" must be "original" to obtain copyright protection).  But this is an undisputed issue.  Yahoo does not intend to contest whether Evox's images possess sufficient creative expression, removing this issue from the jury.  Sedlik's opinions about creative expression are thus irrelevant to the disputed issues, unhelpful to the jury, and should be excluded under Rule 702(a).  *See Martin v. City of Atlanta*, 579 F. App'x 819, 827 (11th Cir. 2014) (affirming exclusion of expert testimony on issues rendered irrelevant by parties' stipulation on those issues); *Russell v. Walmart Inc.*, 2023 WL 2628699, at *1, 4–5 (C.D. Cal. Jan. 12, 2023) (excluding evidence on copyright validity where validity was not disputed for trial).

Permitting Sedlik to present his creative expression opinions also would waste time and risk misleading or confusing jurors into believing that the scope of Evox's "creative expression" is relevant to the issues they must decide when it is not.  Fed. R. Evid. 403; *Diodem, LLC v. Lumenis, Inc.*, 2007 WL 5764187, at *2 (C.D. Cal. May 24, 2007) (excluding expert testimony that "would create the potential confusion, undue consumption of time and prejudice"); *Hynix Semiconductor Inc. v. Rambus, Inc.*, 2008 WL 73689, at *13 (N.D. Cal. Jan. 5, 2008) (same).  The Court should exclude Sedlik's proffered testimony on creative expression because it is irrelevant to the triable issues, unhelpful, confusing, and will waste time. Ex. 48 at 21-33 (Sections E through P).

***Originality.***  The Court should exclude Sedlik's proffered testimony concerning the originality of Evox's images.  Sedlik opines that Evox's adjustments to its images, which "facilitate the production of automotive photography at scale," "do not diminish the quantum of creative expression" invested in their creation, and that all of the images reflect Evox's "original authorship."  Ex. 48 at 32–33 (Section Q).  But again, Yahoo does not contest that the images are original works of authorship entitled to protection, so these opinions are irrelevant and "unhelpful." Fed. R. Evid. 702(a).  Sedlik's opinions on originality—larded with citations and quotes to copyright treatises and caselaw—also

3

are plainly legal opinions of precisely the type courts hold invade the province of the jury and are inadmissible.  *See, e.g.*,  *Leegin Creative Leather Prod. v. Ayama Indus*, 2008 WL 11339978, at *1 (C.D. Cal. Jan. 11, 2008) (excluding expert opinion on "issues of the originality or creativity of any work" as improper legal opinion).  The Court should exclude Mr. Sedlik's originality opinions.  Ex. 48 at 32–33 (Section Q).

*Copyright Registrations, Validity, and Ownership.*  Sedlik opines that Evox's copyright registrations of the images at issue are "group registrations of photographs," as opposed to "compilation registrations," and that the "creation, subject matter, and grouping of EVOX Photographs do not result in compilations" under copyright law.  Ex. 48 at 36–39 (Sections S, T).  He also opines that the copyright registrations are presumptively valid under 17 U.S.C. § 410 (*id.* at 39 (Section U)), and that AOL was "aware of and acknowledged EVOX's copyright ownership" in negotiating the license with Evox (*id.* at 42 (Section AA)).  These are legal opinions of the type an expert is not permitted to offer.  The Court should exclude them.

Courts routinely preclude expert testimony concerning the legal import of copyright registrations, their validity, and ownership, as inadmissible legal conclusions.  In *Furnitruedealer.net, Inc. v. Amazon.com, Inc.*, 2022 WL 891462, at *8 (D. Minn. Mar. 25, 2022), the plaintiff's expert opined that the copyrighted works at issue "constitute one work for the purposes of statutory damages," including based on his review of the Copyright Office's written policies.  The court excluded those opinions "as they clearly cross the line into impermissible testimony on legal matters attempting to instruct the jury on the law."  *Id.*  In *B2A v. Commlog*, 2011 WL 5569496, at *2 (D. Colo. Nov. 16, 2011), the court deemed an expert witness's conclusions that the plaintiff's copyrights were valid as "ultimate conclusions regarding an essential element of [the p]laintiff's copyright infringement claim" and excluded the testimony from trial. And in *SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 902–903 (N.D. Cal. 2022), the court excluded expert testimony on copyright ownership because "[w]hether the parties' evidence shows ownership" is a question for "the jury (at trial) as a factfinder."

4

Here, Sedlik opines that Evox's group copyright registrations of its images do not result in a "compilation" under 17 U.S.C. § 504(c) (such that Evox would be entitled to seek statutory damages awards for each individual image within its group registrations). His proposed testimony in support of that opinion is replete with a regurgitation of the Federal Register's Notice on Group Registration of Photographs and Copyright Office guidance regarding the same.  Ex. 48 at 36–39 (Sections S, T).  "[I]nstructing the jury as to the applicable law is the distinct and exclusive province of the court."  *Nationwide*, 523 F.3d at 1058.  Sedlik's opinion that Evox's copyright registrations do not result in a compilation is thus a "bald legal conclusion[]" (*SA Music*, 592 F. Supp. 3d at 902), supported by inadmissible recitations of the law and an "application of that law to the facts" (*Gable*, 727 at 835).  The Court should preclude Mr. Sedlik from offering these opinions at trial.  Ex. 48 at 36–39 (Sections S, T).

For the same reasons, the Court should exclude Sedlik's opinions that Evox's copyright registrations are "presumptively valid" under 17 U.S.C. § 410, and that Yahoo acknowledged Evox's ownership of its copyrights.  Ex. 48 at 39, 42 (Sections U, AA).  Copyright validity and ownership are questions for the jury, not an expert.  *See Furnitruedealer.net*, 2022 WL 891462, at *8; *B2A, LLC*, 2011 WL 5569496, at *2; *SA Music*, 592 F. Supp. 3d at 902.  These opinions about validity and ownership are inadmissible for the additional, independent reason that they are irrelevant and "unhelpful" (Fed. R. Evid. 702(a))—because Yahoo does not dispute Evox's ownership of valid copyrights.  The Court should preclude Sedlik from offering his opinions about Evox's ownership and validity of its copyrights.  Ex. 48 at 39, 42 (Sections U, AA).

**B.    The Court Should Exclude Sedlik's Independent Economic Value Opinions**

To support Evox's theory that each of the 281,721 images at issue constitute a single "work" eligible for a statutory damages award, Sedilik opines that each image has independent economic value—based on his review of a report showing that only 3,667 Evox images were individually licensed.  Ex. 47; Ex. 48 at 33–36 (Section R).  The Court should exclude Sedlik's opinion that the images have independent economic value

because it is unhelpful, unreliable, and incorporates inadmissible legal conclusions.

**Unhelpful.**  As noted, a copyright holder may recover only one statutory damage award for any infringed "work."  17 U.S.C. § 504(c).  For purposes of § 504(c), "all parts of a compilation … constitute one work."  *Id.*  The Copyright Act does not define "work," but defines a "compilation" "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."  17 U.S.C. § 101.  Relying on "the plain language of the Copyright Act," the Second Circuit held in *Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 141 (2d Cir. 2010), that the "focus[] [is] on whether the plaintiff—the copyright holder—issued its works separately, or together as a unit," and that the plaintiffs' music albums at issue  were compilations because they "chose to issue Albums."  The court concluded it "is irrelevant" that "each song may have received a separate copyright," and expressly rejected the independent economic value test on which Sedlik opines.  *Id.* at 141–42.  As the court explained, "[t]he Act specifically states that all parts of a compilation must be treated as one work for the purpose of calculating statutory damages.  This language provides no exception for a part of a compilation that has independent economic value, and the Court will not create such an exception."  *Id.*  Because the independent economic value test is irrelevant to whether each image is its own "work," Sedlik's opinion is unhelpful and irrelevant.[3]

**Unreliable.**  "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only

[3]  To be sure, the Ninth Circuit has held "the question of whether something—like a photo, television episode, or so forth—has 'independent economic value' informs our analysis of whether the photo or episode is a work."  *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 747 (9th Cir. 2019).  But the Supreme Court has expressly recognized "the protection given to copyrights is wholly statutory," and "[t]he remedies for infringement are only those prescribed by Congress."  *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 431 (1984).  And even the Ninth Circuit concedes that "[t]he notion of 'independent economic value' [does not] derive[] … from the statute," and "does not answer the question whether something is a compilation."  *VHT*, 918 F.3d at 747.  Thus, allowing Evox to rely on the independent economic value test would "make a total mockery of Congress' express mandate that all parts of a compilation must be treated as a single 'work' for purposes of computing statutory damages."  *UMG Records, Inc. v. MP3.COM, Inc.*, 109 F. Supp. 2d 223, 225 (S.D.N.Y. 2000).

6

Gibson, Dunn &
Crutcher LLP

by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered" to render the opinion admissible.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  Accordingly, numerous courts preclude expert opinion that is based on nothing more than expert's say-so.  *See, e.g.*, *Burrows v. BMW of N. Am., LLC*, 2018 WL 6314187, at *2 (C.D. Cal. Sept. 24, 2018) (excluding "conclusory opinions with no apparent basis"); *Transwestern Pipeline Co. v. 46.78 Acres*, 2010 WL 1728936, at *3 (D. Ariz. Apr. 26, 2010) (excluding expert testimony based on "subjective belief or unsupported speculation").

Sedlik's own testimony has been excluded for these very reasons.  In *Navarro*, he opined, based on his "knowledge and expertise," that the plaintiff would have been able to command license fees for her photographs at the amount she said she could.  *Navarro v. Procter & Gamble Co.*, 2021 WL 868586, at *9–10 (S.D. Ohio Mar. 8, 2021).  The Court excluded Sedlik's proffered testimony because "without a better understanding of the methodology he employed," Sedlik's opinion was "mere subjective speculation," lacking the reliability *Daubert* demands.  *Id.*

Sedlik's independent economic value opinion here is no different.  Sedlik "reviewed a representative sample" of the images at issue, which he asserts Evox offers "for both subscription and individual licensing."  Ex. 48 at 34.  He then reviewed "a representative accounting of Evox transactions in which EVOX licensed individual photographs to EVOX customers for use in various media."  *Id.*  Sedlik makes the unsupported and speculative leap that *each* of the 281,721 images in this case therefore "has independent economic value."  *Id.* at 36.  But Sedlik does not define "independent economic value" or even explain what methodology he applied to reach that conclusion for the representative 3,667 images and sales figures he reviewed—let alone the hundreds of thousands of images he did *not* review.  The reality is Sedlik used no methodology.  He took Evox's position that its images have independent economic value, pointed to a sales report for 3,667 images, and then asserted "with a reasonable degree of professional certainty" that each of the 281,721 images at issue has

7

1   independent economic value.  This is not proper expert opinion.  *Joiner*, 522 U.S. at 146;

2   *Burrows*, 2018 WL 6314187, at *2; *Navarro*, 2021 WL 868586, at *9–10.

3      ***Usurps Jury's Role.***  Whether each image has independent economic value, and

4   whether each image is its own work for a statutory damages purposes, is for the jury to

5   resolve.  *E.g.*, *Sullivan v. Flora, Inc.*, 936 F.3d 562, 572 (7th Cir. 2019); *Columbia*

6   *Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1193

7   (9th Cir. 2001).  Sedlik's opinion that each image possesses independent economic value

8   squarely invades the jury's province to reach—or not reach—that determination, and

9   therefore is inadmissible.  *Furnitruedealer.net*, 2022 WL 891462, at *8.

10  **C.   The Court Should Exclude Sedlik's Opinions About Third-Party Uses, The License Agreement, And AOL's Alleged Willful Infringement**

12     ***Third-Party Uses.***  Sedlik opines that after the parties' license terminated, AOL's

13  "servers continued to invite search engines to crawl and index the server locations

14  storing the Evox images," which purportedly AOL "induced, enabled and facilitated

15  viral distribution" of the images."  Ex. 48 at 41 (Section Z).  For the reasons explained

16  in AOL's MIL No. 3, Evox's theories about third-party conduct are irrelevant to its sole

17  claim for direct copyright infringement against Yahoo, and evidence and argument

18  concerning third-party search engines crawling Evox's servers is misleading and

19  confusing.  Fed. R. Evid. 403.  Sedlik's opinions parroting these theories are unhelpful

20  to the jury—and are not based on any identifiable principles and methods, let alone

21  reliable ones, in any event.  *Id.* 702.  The opinions are inadmissible.

22     ***The License Agreement.***  Just like Evox's other expert (Hochman), Sedlik opines

23  on the parties' obligations under the license agreement, asserting AOL "did not adhere

24  to the license terms," and "continued to make the [images] available for public

25  distribution and display without license and without authorization by EVOX."  *Id.* at 39–

26  41 (Sections V, W, Y).

27     The Court should preclude Sedlik's opinions about the parties' license because

28  they are improper legal opinions.  "The interpretation of a contract is an issue of law."

Gibson, Dunn & Crutcher LLP

*Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996).  Courts thus exclude expert opinion interpreting contracts as invading the province of the jury and Court.  *See id.*; *Marx & Co. v. Diner's Club*, 550 F.2d 505, 509-10 (2d Cir. 1977) (expert testimony consisting of legal conclusions regarding contract terms inadmissible); *Furnituredealer.net*, 2022 WL 891462, at *8 ("entirely improper for an expert to offer" opinions that "interpret[] the [parties'] contract").    Sedlik's own testimony has previously been excluded for this reason.  *Brittney Gobble Photography, LLC v. Sinclair Broad. Grp.*, 2021 WL 5359671, at *9 (D. Md. Nov. 17, 2021) (precluding Sedlik from offering opinions on license provisions).  Sedlik's testimony also has been excluded for opining on whether a party's acts constituted copyright infringement, because that is also a legal opinion.  *See Masterson Marketing. KSL Recreation Corp.*, 2007 WL 5030150, at *1 (S.D. Cal. Dec. 14, 2007) (precluding Sedlik from testifying at trial as to whether certain images infringed plaintiff's copyrights).

The same result is warranted here—and, frankly, Sedlik should know better by now.  Sedlik describes the terms of the parties' license, opines on what AOL was permitted and obligated to do under the license, and ultimately concludes that AOL "continued to make, distribute and publicly display" the images in violation of the license's terms.  These are textbook contract interpretation opinions, and also legal opinion that AOL infringed Evox's copyrights by publicly displaying Evox's works. These opinions usurp the jury's role to determine the import of the license agreement's terms and whether AOL publicly displayed Evox's works outside the scope of the license such that it infringed Evox's copyrights.  These are not matters for an expert to opine on, but rather *ultimate legal conclusions in the case* for the jury to decide.  Sedlik's opinions on these issues are inadmissible and the Court should preclude them as courts have with his similar opinions in other cases.

**Willfulness.**  Sedlik says AOL is a "sophisticated media compan[y]" that  could have "prohibit[ed] the public display, public distribution, reproduction and creation of derivatives of each of the [images]" after the license terminated.  Ex. 48 at 40–41

9

(Section X). He concludes that AOL "evinced willful blindness and/or acted with reckless disregard for Evox's copyrights" in continuing to do so. *Id.* at 42 (Section BB).

The Court should preclude Sedlik's opinions that AOL willfully infringed its copyrights. "[W]illful infringement is a question for the jury, and several courts have found expert testimony on the ultimate issue of willfulness inappropriate." *Bombardier Recreational Prods. v. Arctic Cat Inc.*, 2017 WL 758335, at *4 (D. Minn. Feb. 24, 2017); *Sound View Innovations, LLC v. Hulu, LLC*, 2019 WL 4640393, at *6 (C.D. Cal. Aug. 5, 2019) ("whether [a d]efendant had the requisite intent to establish willful infringement, [] is a classical question for the jury"; excluding testimony that "Hulu willfully infringes") (cleaned up); *Glaukos Corp. v. Ivantis, Inc.*, 2020 WL 10501851, at *13 (C.D. Cal. July 23, 2020) (expert's willfulness opinions were "conclusions regarding underlying evidence" that were questions for the jury); *SA Music*, 592 F. Supp. 3d at 902 (same). It is no surprise Sedlik's opinions that a defendant willfully infringed have been excluded by another court. *See Brittney Gobble*, 2021 WL 5359671, at *9.[4]

Here, Sedlik opines that AOL "evinced willful blindness and/or acted with reckless disregard for EVOX'S copyrights, knowingly and willfully exploiting EVOX's copyrights without license and without authorization from EVOX," Ex. 48 at 42—a point he again asserted in his deposition, Ex. 49 at 103:16–17 ("I already have opined on willfulness or the equivalent"). These are "bald legal conclusions" only the jury may reach, and cannot be "len[t] the imprimatur of expert testimony." *Brittney Gobble*, 2021 WL 5359671, at *9. Sedlik was already told that it is improper for him to opine on willful infringement. *See Brittney Gobble*, 2021 WL 5359671, at *9. This Court should preclude his opinions that AOL willfully infringed. Ex. 48 at 42 (Section BB).

## III. CONCLUSION

The Court should preclude Sedlik from presenting any testimony or opinions at trial reflected in Sections E through BB of his Report, Ex. 48 at 21–42.

---

[4] As explained in Yahoo's MIL No. 2, Sedlik's opinion concerning Yahoo's sophistication is irrelevant to the willfulness inquiry as a matter of law, so Sedlik should also be precluded from presenting such opinions. Ex. 48 at 40 (Section X).

10

Gibson, Dunn & Crutcher LLP

1 | DATED:  June 7, 2023

2

3

4

                                    SCOTT A. EDELMAN
                                    PERLETTE MICHELE JURA
                                    ILISSA SAMPLIN
                                    SHAUN A. MATHUR
                                    GIBSON, DUNN & CRUTCHER LLP

By: */s/ Scott A. Edelman*
Scott A. Edelman

Attorneys for Defendant YAHOO INC.