O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EVOX PRODUCTIONS LLC,

                       Plaintiff,

        v.

YAHOO INC.,

                 Defendant.

Case No.:  2:20-cv-02907-MEMF(JEMx)

**ORDER ON MOTIONS *IN LIMINE* [ECF NOS. 164, 165, 166, 169, 170, 171, 172, 173, 174, 178, 180, 181, 182, 186]**

Before the Court are four (4) motions *in limine* filed by Plaintiff Evox Inc. (ECF Nos. 164, 165, 166, 186) and ten (10) motions *in limine* filed by Defendant Yahoo Inc. (ECF Nos. 169, 170, 171, 172, 173, 174, 178, 180, 181, 182). For the reasons stated herein, the Court GRANTS IN PART and DENIES IN PART the motions as described below.

## I.    <u>Background</u>

### A.  Factual Background

This action stems from a dispute over a licensing agreement for automobile photographs. Plaintiff Evox Productions, LLC ("Evox") contracted with Defendants AOL, Inc. ("AOL"), Oath, Inc. ("Oath"), and Verizon Media, Inc. ("Verizon") (collectively, the "AOL Defendants") to allow

AOL to use automobile photographs owned by Evox on AOL's "Autoblog" website. Evox alleges that AOL made unauthorized use of some of those images after the expiration of the license and infringed Evox's copyright. *See* ECF 87. Following corporate changes, the parties stipulated to substitute the AOL Defendants for Defendant Yahoo, Inc. ("Yahoo"). *See* ECF No. 161.

### B. Procedural History

Evox initially filed suit on March 27, 2020. ECF No. 1. After a series of motions, Evox filed a Third Amended Complaint on July 9, 2023. ECF No. 87. The Third Amended Complaint alleges only one cause of action: copyright infringement. *See id.* ¶¶ 87–95. Yahoo asserts 25 affirmative defenses. *See* ECF No. 120. On July 10, 2023, the Court issued an order on the parties' respective motions for summary judgment. ECF No. 235.

On May 25, 2023, pursuant to stipulation, the Court substituted Yahoo for the AOL Defendants. ECF No. 163. The Court dismissed the action with prejudice as to the AOL Defendants, and amended the Third Amended Complaint and case caption to substitute Yahoo in their place. *See id.*

Evox and Yahoo filed their Motions *in Limine* on June 7, 2023. *See* ECF Nos. 164, 165, 166, 169, 170, 171, 172, 173, 174, 178, 180, 181, 182, 186. Evox and Yahoo both filed oppositions to all of the others' Motions *in Limine* on June 21, 2023. *See* ECF Nos. 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 205, 206, 207, 213. Yahoo filed a supplemental declaration on July 7, 2023. ECF No. 230.

## II.   Applicable Law

### A. Motions *in Limine*

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven

1  if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial

2  discretion, to alter a previous *in limine* ruling.").

3  ### B. Federal Rule of Civil Procedure 26

4  Under Federal Rule of Civil Procedure 26(a)(2), a party is required to disclose an expert

5  witness and submit an accompanying report prepared by the witness. Fed. R. Civ. P. 26(a)(2)(A)–

6  (B). This written report must contain, in part: (1) a complete statement of all opinions expressed by

7  the witness and the "basis and reasons for them"; (2) the facts and data used by the witness in

8  forming his or her opinions; and (3) the exhibits that will be used to support or summarize the

9  opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii).

10  ### C. Federal Rule of Evidence 702

11  The personal knowledge requirement for lay witnesses does not apply to expert testimony.

12  Fed. R. Evid. 602. Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f

13  scientific, technical, or other specialized knowledge will assist the trier of fact to understand the

14  evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995)

15  (quoting Fed. R. Evid. 702). While Courts may reject wholly speculative or unfounded testimony, it

16  abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks."

17  *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express opinions

18  without published support if they provide an explanation of why such publications are unavailable.

19  *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding speculation speaks to

20  weight, not reliability. *Elosu*, 26 F.4th at 1025.

21  ### D. Federal Rules of Evidence 401 and 402

22  Federal Rule of Evidence 402 ("Rule 402") explicitly prohibits the inclusion of "irrelevant"

23  evidence. Fed. R. Evid. 402. The Rule dictates that "[r]elevant evidence is admissible unless any of

24  the following provides other: the United States Constitution; a federal statute; these rules; or other

25  rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

26  Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It

27  provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable

28  than it would be without the evidence; and (b) the fact is of consequence in determining the action."

*Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

### E. Federal Rule of Evidence 403

Federal Rule of Evidence 403 ("Rule 403") dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on-the-spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

### III.  Discussion

Evox moves to exclude at trial: (1) evidence and argument related to Evox's prior copyright enforcement actions (ECF No. 164); (2) evidence and argument related to any alleged breach of contract by Evox (ECF No. 165); (3) evidence and argument related to any alleged breach of Autoblog's terms of service by Evox; and (4) evidence and argument suggesting Evox failed to mitigate damages (ECF No. 186).

Yahoo moves to exclude at trial: (1) evidence and argument related to the parties' discovery disputes (ECF No. 169); (2) evidence and argument related to Yahoo's sophistication and net worth (ECF No. 170); (3) evidence and argument related to infringement or other potential misconduct by third parties (ECF No. 171); (4) evidence and argument related to abandoned liability theories (ECF

No. 172); (5) evidence and argument related to communications between counsel (ECF No. 173); (6) evidence and argument related to the "making available" theory of infringement (ECF No. 174); (7) evidence and argument regarding Michael Del Monte's 2017 and 2022 Reports (ECF No. 178); (8) expert testimony from Jonathan Hochman (ECF No. 180); (9) expert testimony from Jeffrey Sedlik (ECF No. 181); and (10) Expert Testimony from Michael Del Monte (ECF No. 182).

> **A. Evox's Prior Copyright Enforcement Actions (Evox's Motion in Limine No. 1, ECF No. 164)**

Evox argues that Yahoo intends to suggest that Evox is a "copyright troll" as its primary business, and seeks to exclude any such argument, as well any references to Evox's past copyright enforcement actions and revenue from prior settlements. *See* ECF No. 164 at 2. Evox argues such evidence or argument is irrelevant under Rule 402 and unduly prejudicial under Rule 403. Evox points to nonbinding authority where such evidence was excluded. *See Unicolors, Inc. v. Urb. Outfitters, Inc.*, 686 F. App'x 422, 425 (9th Cir. 2017) (unpublished case holding that "Evidence of prior [copyright infringement] lawsuits should be excluded when the possible prejudice to a party outweighs any probative value . . . The district court was well within its discretion to exclude it."). *Novelty Textile Inc. v. Wet Seal Inc.*, 2014 WL 12603499, at *4 (C.D. Cal. Oct. 22, 2014); *Fabric Selection, Inc. v. NNW Imp., Inc.*, 2018 WL 1779334, at *2 (C.D. Cal. Apr. 11, 2018).

Yahoo counters that it does not intend to call Evox a "copyright troll" and instead intends only to present "limited evidence and argument about Evox's litigation-based business model" to show that Evox "at most deserves the lower end of the Copyright Act's statutory damages range." ECF No. 25 at 1. Yahoo argues such evidence sheds light on the value of Evox's copyrights and is relevant. *See id.* Yahoo also intends to cross examine certain Evox witnesses on their roles at Evox, which will necessarily require evidence on Evox's business model, and which is relevant to the witnesses' credibility. *See id.* at 8. Finally, Yahoo argues that this information is relevant to certain affirmative defenses, particularly to the extent it might explain Evox's purported delay in bringing suit. *See id.*

1    Upon consideration of the parties' moving briefs, the Court finds that the testimony and

2  evidence at issue is irrelevant and unduly prejudicial.  Accordingly, Evox's Motion in Limine No. 1

3  is GRANTED. [1]

4        **B.  Evox's Alleged Breach of Contract (Evox's Motion in Limine No. 2, ECF No. 165)**

5        Evox seeks to preclude Yahoo from arguing that Evox breached the license agreement. ECF

6  No. 165. Evox notes that it is not affirmatively asserting a claim for breach of contract, and that

7  Defendants have not asserted any affirmative defense on this basis, and thus argues any discussion of

8  alleged breaches would only be prejudicial. *See id.* at 3. Evox points to Rules 402 (relevance) and

9  403 (prejudice), and notes that Yahoo made such arguments in its Motion for Summary Judgment.

10  *See id.* at 3–5.

11        Yahoo focuses its response on the license agreement's "Duty to Inform" provision, which

12  Yahoo alleges that Evox violated by failing to promptly inform AOL of alleged violations. *See* ECF

13  No. 206; ECF No. 87-4, Exhibit D to Third Amended Complaint ("License Agreement"), at 10.[2]

14  Yahoo concedes that this is "irrelevant to whether [Evox] can establish a prima facie case of

15  copyright infringement," but argues that it is relevant to affirmative defenses and damages. *See id.* at

16  5. Yahoo points specifically to its affirmative defenses regarding implied license, unclean hands, and

17  estoppel. *See id.* at 6–7.

18

19

20    / / /

21    / / /

22    / / /

23

---

24  [1] As discussed at the hearing, a valid area of cross-examination for bias is the number of times that a retained
25  expert has been hired by a given party. Yahoo will be permitted to cross-examine Evox's expert witnesses on
    this for this limited purpose. The Court notes that at the hearing, counsel for Evox suggested that it planned to
26  present evidence *disproving* the idea that Evox has a litigation-based business model. This is precluded given
    the Court's ruling that Evox's business model is irrelevant. Just as Yahoo is prohibited from presenting
27  evidence or argument on this topic, Evox is, too.

28  [2] The License Agreement attached to the Third Amended Complaint does not appear to be internally
    paginated; the Court will therefore refer to the ECF page numbers when citing to the License Agreement.

As a preliminary matter, this Court must resolve the dispute between the parties as to the

meaning of the "Duty to Inform" provision. *See* ECF No. 165 at 2-3; ECF No. 206 at 3-5. The

provision reads as follows:

> Duty to Inform. Both Parties shall promptly inform the other Party of any information
> related to the Images which could reasonably lead to a claim, demand or liability of or
> against either Party and/or its Affiliates by any third party.

License Agreement at 10. Evox argues that the last phrase should be read as follows:

> a claim, demand or liability OF either Party and/or its Affiliates <u>by any third party</u>
>     *OR*
> a claim, demand or liability AGAINST either Party and/or its Affiliates <u>by any third party</u>

In contrast, Yahoo argues that the last phrase should be read as follows:

> a claim, demand or liability OF either Party and/or its Affiliates
>     *OR*
> a claim, demand or liability AGAINST either Party and/or its Affiliates <u>by any third party</u>

The plain language of the provision is unambiguous, and only permits one reading—that advanced

by Evox.  As illustrated above, Yahoo's reading requires reading the provision contrary to the rules

of grammar. According to Yahoo, the phrase "by any third party" only modifies "Party and/or its

Affiliates" when preceded by "against," but not when preceded by "of." This is untenable. The Duty

to Inform provision only applies to claims, demands, and liability involving third parties, and does

not place upon Evox a duty to promptly inform Yahoo of Evox's potential claims against Yahoo for

copyright infringement by Yahoo of Evox's copyrights. Accordingly, the Duty to Inform provision

is not relevant to any claim or defense.

For these reasons, Evox's Motion in Limine No. 2 is GRANTED. Yahoo may not present

evidence of the purported breach of contract for any purpose.

## C. Evox's Alleges Breaches of Autoblog's Terms of Service (Evox's Motion in Limine No. 3, ECF No. 166).

Evox argues that Yahoo should be prohibited from arguing that Evox's investigation of

alleged infringement—which relied on automated processes known as "scraping" or "crawling"—

was a breach of the Autoblog Terms of Service. *See* ECF No. 166. Evox points to Rules 402

1   (relevance) and 403 (prejudice), and notes (as above) that Yahoo made these arguments in its Motion

2   for Summary Judgment. *See id.* at 2. Evox also argues that evidence regarding the Terms of Service

3   is incomplete, out of context, unauthenticated, hearsay, and fails to comply with the best evidence

4   rule. *See id.* at 3–4. The evidence is a quote from the terms of service contained in an email by an

5   Evox executive. *See id.*; *see also* ECF No. 207.

6          Yahoo argues that this evidence is relevant to Yahoo's unclean hands affirmative defense, as

7   it purportedly suggests a knowing violation by Evox. *See* ECF No. 207 at 1. Yahoo also explains that

8   it does not intend to introduce the email in question for its truth, and rather intends to show Evox's

9   "awareness," and that in any case it is not hearsay because it is an opposing party statement. *See id.*

10  at 5. Yahoo also intends to introduce the complete Terms of Service, which Yahoo argues renders

11  the best evidence and completeness objections inapposite. *See id.* at 6.

12         Unclean hands applies where "plaintiff's conduct is inequitable and that the conduct relates to

13  the subject matter of its claims." *Brother Recs., Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003)

14  (overruled on other grounds by *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th

15  Cir. 2010). "The defense of unclean hands by virtue of copyright misuse prevents the copyright

16  owner from asserting infringement and asking for damages when the infringement occurred by his

17  dereliction of duty." *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*, 786 F.2d

18  1400, 1408 (9th Cir. 1986). "Plaintiff's action will be dismissed under the theory of unclean hands if

19  defendant establishes that plaintiff's evidence was false and that plaintiff was involved in a scheme

20  to defraud the public." *Id.* The facts of *Supermarket* have little application to the purported breach of

21  terms of service. *See id.* The Fourth Circuit has applied this doctrine to bar copyright claims where

22  the defendant requested aid in avoiding infringement, the plaintiff had a duty to respond under a

23  consent decree, and nevertheless did not respond. *Tempo Music, Inc. v. Myers*, 407 F.2d 503, 507

24  (4th Cir. 1969).

25         The Court is aware of no binding authority that extends unclean hands to this sort of conduct

26  in the copyright context. A purported breach of Autoblog's terms of service is far afield from the key

27  issues in this case. To the extent that testimony on this issue has any relevance at all, the Court finds

28

1  that this relevance is significantly outweighed by potential for undue prejudice. Accordingly, Evox's

2  Motion in Limine No. 3 is GRANTED.

3  **D. Mitigation of Damages (Evox's Motion in Limine No. 4, ECF No. 186)**

4  Evox seeks to preclude Yahoo from arguing that Evox failed to take reasonable steps to

5  mitigate damages. *See* ECF No. 186. Evox points to district court cases holding that mitigation of

6  damages is not a defense to copyright infringement. *See Interscope Recs. v. Time Warner, Inc.,* 2010

7  WL 11505708, at *1 (C.D. Cal. June 28, 2010); *Michael Grecco Prods., Inc. v. Livingly Media, Inc.*,

8  2021 WL 2546749, at *14 (C.D. Cal. Apr. 16, 2021). Evox also notes that the United States Supreme

9  Court has considered whether laches (but not mitigation) is a defense to copyright infringement, and

10  held that a copyright owner is entitled to "defer suit" if he or she would like, and that the three-year

11  statute of limitations is a sufficient limit on damages for this circumstances. *Petrella*, 572 U.S. at

12  683. Evox argues that its alleged delay was only two and half months, which Evox argues is not

13  sufficiently long to justify allowing this defense. *See* ECF No. 186 at 5. Finally, Evox argues that

14  this evidence will confuse or mislead the jury. *See id.* at 5–7.

15  Yahoo argues that this is a procedurally improper "disguised motion for summary judgment"

16  on Yahoo's failure to mitigate affirmative defense. *See* ECF No. 213. To the extent that case law

17  prohibits this affirmative defense, Yahoo argues this is a "quintessential summary judgment" issue

18  that Evox failed to timely raise. *See id.* at 3. Yahoo also argues that this Motion *in Limine* is

19  overbroad, as the timing of when Evox learned of infringement and notified Yahoo is also relevant

20  to other affirmative defenses, such as implied license. *See id.* at 4. Finally, Yahoo argues that

21  copyright plaintiffs do in fact have a duty to mitigate damages, and that the probative value of this

22  evidence outweighs other considerations. *See id.* at 5–11.

23  Upon consideration of the parties' moving briefs, the Court finds that the testimony and

24  evidence at issue is irrelevant and unduly prejudicial. The Court also notes that the affirmative

25  defense of implied license has largely been foreclosed and the affirmative defense of failure to

26  mitigate damages is improper in a copyright infringement action, as discussed in Evox's Motion.

27  Importantly, copyright plaintiffs may seek two different forms of damages: (1) statutory

28  damages (a dollar value per work, ranging from $750 to $30,000) or (2) actual damages plus the

defendant's profits. 17 U.S.C. § 504(a)–(c). Here, Evox seeks statutory damages. In setting statutory damages, the finder of fact may consider a broad range of factors, provided damages are set in the range of $750 to $30,000 per work. *See F. W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 232 (1952). The finder of fact should "do justice" within these limits. *Id.* The Supreme Court has held that in setting *non*-statutory damages, the trier of fact "may take account of [plaintiff's] delay in commencing suit." *Petrella*, 572 U.S. at 687. Because non-statutory damages are explicitly based on the defendant's profit, delay is relevant to this category of damages. *See id.* "[P]laintiff's delay can always be brought to bear at the remedial stage, in determining appropriate injunctive relief, and in assessing the profits of the infringer attributable to the infringement." *Id.* at 667 (internal quotations omitted). No binding precedent has extended this to statutory damages of the kind Evox seeks here, which do not involve injunctive relief and are not based on defendant's profits. *Petrella* held that a plaintiff's delay is never a complete defense to suit, but may be considered in setting non-statutory damages, without addressing statutory damages. *See Petrella*, 572 U.S. at 667. And the Court made clear that "there is nothing untoward about [a copyright plaintiff] waiting" to bring suit. *Id.* at 682.

Given the lack of authority supporting considering this factor, and the potential for prejudice from this evidence, Evox's Motion in Limine No. 4 is GRANTED.

### E.  Discovery Disputes (Yahoo's Motion in Limine No. 1, ECF No. 169)

Yahoo is concerned that Evox intends to suggest that Yahoo (or its predecessors in interest) failed to comply with discovery obligations, and Yahoo seeks to preclude any argument or evidence along these lines, including reference to discovery disputes and suggestions that a lack of evidence is caused by Yahoo's wrongdoing. *See* ECF No. 169. The parties previously litigated over AOL's "access logs" and page view data. *See id.* at 2–3; *see also* ECF Nos. 70-1, 119. AOL produced page view data after it was ordered to do so, but because access logs are typically only preserved for two weeks, AOL did not preserve access logs that significantly predated litigation, and thus did not produce these access logs. *See* ECF No. 169 at 2–3. Yahoo argues that these issues are fully settled and should not be relitigated in front of the jury. *See id.* at 5–7. Yahoo also argues that Judge McDermott's ruling on Evox's Motion to Compel is hearsay and is unduly prejudicial. *See id.* at 8.

1   Finally, Yahoo expresses concern that references to these issues will require an explanation of

2   discovery (and its intricacies) to the jury. *See id.* at 9–10.

3          Evox argues that the page view data AOL only produced after the Court granted a motion to

4   compel was "key evidence" that "altered the trajectory of this litigation," and that the jury should

5   consider AOL's conduct in discovery in setting damages. *See* ECF No. 188. Evox cites authority

6   which purportedly suggests that  discovery conduct is relevant to damages. *See Los Angeles News*

7   *Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Dream Games of Arizona,*

8   *Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009).

9          Upon consideration of the parties' moving briefs, the Court finds that the testimony and

10  evidence at issue is irrelevant and unduly prejudicial. Importantly, a review of the precedent Evox

11  cites shows that little to no binding authority supports Evox's position that conduct in litigation is

12  relevant to damages. Evox first points to page 196 of *Los Angeles News*, which discusses various

13  considerations a court may consider in setting copyright damages but does not mention conduct in

14  discovery or conduct in litigation. *See Los Angeles News*, 149 F.3d at 196. Evox next cites *Dream*

15  *Games*, which held that "conduct during litigation" may be considered in setting statutory copyright

16  damages. *See Dream Games*, 561 F.3d at 993. As Evox acknowledges, *Dream Games* and the cases

17  it cites addressed plaintiff's, rather than defendant's conduct in litigation. *See id.; see also* ECF No.

18  188 at 5. But *Dream Games* did not actually consider conduct in litigation in setting damages, it only

19  mentioned such conduct to distinguish it from other evidence (of illegal operation) which it held

20  should not be considered. *See Dream Games*, 561 F.3d at 993–94. And the cases *Dream Games* cites

21  considered significantly different "conduct during litigation" than what Evox accuses Yahoo (and its

22  predecessors in interest) of here.[3] Beyond these cases, the only binding authority Evox cites is the

23

24  _____

[3] *Dream Games* cited two cases from other circuits in support of the notion that conduct in litigation may be

25  considered: *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir.1989), and *Bourne Co.*
    *v. Hunter Country Club, Inc.*, 772 F.Supp. 1044, 1052 (N.D.Ill.1990), *aff'd* 990 F.2d 934, 939 (7th Cir.1993).

26  *Warner Bros.* considered as part of its damages calculation plaintiff's "vexatious", "oppressive," and
    "unreasonable" conduct, which included "obtain[ing] a series of ex parte orders which were illegal, erroneous,

27  unauthorized, and unconstitutional" and were not properly disclosed to the court. *See Warner Bros*, 877 F.2d
    at 1126; *see also Warner Bros. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 772 (S.D.N.Y. 1988). *Bourne Co.*

28

general principle that the jury may consider many factors in setting a copyright damages award. *See F. W. Woolworth*, 344 U.S. at 232.

No binding authority suggests that Defendants' refusal to produce a document until after losing a motion to compel should be considered in setting damages. To the extent that it might be appropriate to consider this in some circumstances, the Court finds that the potential for prejudice outweighs the probative value here. Accordingly, Yahoo's Motion in Limine No. 1 is GRANTED.

### F. Yahoo's Sophistication and Net Worth (Yahoo's Motion in Limine No. 2, ECF No. 170)

Yahoo seeks to exclude any evidence or argument that Yahoo's status as a sophisticated company should lead to an inference of willfulness. *See* ECF No. 170. Yahoo points to binding authority holding that willfulness is based on statement of mind and argues that a company's sophistication or wealth has no bearing on this state of mind. *See Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 933 (9th Cir. 2019) ("A determination of willfulness requires an assessment of a defendant's state of mind."); *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 748 (9th Cir. 2019). Yahoo argues any such information would only be prejudicial, and is barred by Rule 403. *See* ECF No. 170 at 3–4.

Evox counters that sophisticated is actually relevant to state of mind. *See* ECF No. 189. Evox argues that Yahoo misstates *Zillow*, which rejected what Evox describes as a different argument than the one Evox makes here. *See id.* at 2. Further, Evox notes that Yahoo has suggested it is an "innocent infringer," and argues that this makes sophistication relevant, pointing to Second Circuit precedent. *See D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 32 (2d Cir. 1990) ("[t]he level of sophistication of the defendant in business is an entirely proper means of determining whether or not his infringement was innocent."). Finally, Evox notes that this information is broadly relevant, and that the finder of fact may consider such information in determining damages. *See* ECF No. 189 at 6.

---

considered as part of its damages calculation that plaintiff appeared to have repeatedly violated a consent decree through eight-month delays in responding to inquires on what had been copyrighted. *Bourne Co.*, 772 F.Supp. at 1051. Each of these courses of conduct are significantly different from delaying in producing a document until after litigating a motion to compel.

1    Upon consideration of the parties' moving briefs, the Court finds that the testimony and

2    evidence regarding Yahoo's net worth is irrelevant and unduly prejudicial. As above with the

3    Yahoo's First *Motion in Limine*, Evox argues that this evidence is relevant to damages, but cites no

4    binding authority in support. *See id.* Evox cites only the high-level rule that the jury may consider

5    many factors (*See F. W. Woolworth*, 344 U.S. at 232), and then points to one district court case

6    where the court considered the defendant's net worth to determine whether an award crossed the line

7    from "adequate deterrence" to a "windfall." *See Yash Raj Films (USA), Inc. v. Sidhu*, No.

8    CVF090233 AWI GSA, 2010 WL 1032792, *9–*10 (E.D. Cal. Mar. 19, 2010). *Yash Raj* appears to

9    be an outlier in the caselaw, as demonstrated by the numerous cases Yahoo cited. *See, e.g.*, *Atari

10   Interactive, Inc. v. Redbubble, Inc.*, No. 18-CV-03451-JST, 2021 WL 6014734 (N.D. Cal. Oct. 14,

11   2021), *aff'd*, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023) ("[Plaintiff] cites no case

12   admitting evidence of a defendant's total revenue – as opposed to its revenue on infringing products

13   – or net worth for purposes of calculating statutory damages."); *In re Glob. Health Scis.*, No. SA CV

14   04-1486TJH, 2007 WL 4591679 (C.D. Cal. Aug. 21, 2007) (excluding "evidence of Defendants'

15   wealth or financial condition"). Although this information might be worth considering in some rare

16   circumstances, here, the potential prejudice outweighs the probative value.

17   The testimony and evidence regarding Yahoo's sophistication with respect to handling

18   copyrighted information on its servers is relevant to Yahoo's defense that any failure to delete the

19   Images was inadvertent. This defense will necessarily involve some discussion of Yahoo's processes

20   for deletion of images and its experience doing so. Accordingly, Yahoo's Motion in Limine No. 2 is

21   GRANTED with respect to Yahoo's net worth but is DENIED with respect to Yahoo's

22   sophistication—namely, its processes and experience with handling and deleting copyrighted

23   material.

24   **G. Third Party Infringement or Misconduct (Yahoo's Motion in Limine No. 3, ECF**

25       **No. 171)**

26   Yahoo argues that Evox should be prohibited from arguing that any third party has infringed

27   its copyrights. *See* ECF No. 171. Yahoo notes that Evox's sole claim is direct infringement by

28   Yahoo, and that Evox does not allege contributory or vicarious infringement. *Id.* at 3. Yahoo is

particularly concerned that Evox may argue that Yahoo "leveraged" Evox images for search engine optimization, based on the testimony of Evox's proffered expert. *Id.* at 5. Yahoo argues that this would be prejudicial and misleading. *Id.* at 6.

Evox responds that this information is directly relevant to its claims of copyright infringement by Yahoo. *See* ECF No. 190. Evox argues that Yahoo's failure to remove the images from its publicly accessible servers after the agreement ended—which third party use of the images is probative on—is directly relevant to damages and willfulness. *See id.* at 3–4. Per Evox, because Yahoo has argued the images were stored "internally" whether third parties accessed them is highly relevant. *See id.* at 2.

Upon consideration of the parties' moving briefs, the Court finds that the testimony and evidence at issue is irrelevant and unduly prejudicial. Evox asserts that this is relevant to damages, but (as above) cites only high-level precedent that the jury may consider many factors (*See F. W. Woolworth*, 344 U.S. at 232), and does not cite a single case where third-party infringement was considered for damages. Evox's arguments that this evidence is relevant for other reasons are equally unavailing, and do not overcome the prejudice this evidence is likely to create, particularly in terms of confusing the issues, misleading the jury, and wasting time. Accordingly, Yahoo's Motion in Limine No. 3 is GRANTED.

### H. Abandoned Liability Theories (Yahoo's Motion in Limine No. 4, ECF No. 172)

Yahoo argues that Evox should be precluded from referencing theories that it purportedly abandoned at the motion to dismiss stage—reproduction and distribution—and never disclosed information on. *See* ECF No. 172. Yahoo explains that the Third Amended Complaint (ECF No. 87, "TAC") dropped allegations related to these theories. *See id.* at 2. Because Evox did not disclose information on these in discovery, Yahoo argues it would not be fair for Evox to reference them now. *See id.* at 6.

Evox argues that it did not abandon these theories, and that the allegations in its Third Amended Complaint gave Yahoo sufficient notice that the purportedly abandoned theories were still in play. *See* ECF No. 191. Specifically, Evox points to allegations that Evox images could be "called up" (TAC ¶ 66), images were "publicly accessible" and "could still be accessed by the public" (TAC

¶¶ 82, 86), and Defendants were not "authorized to distribute, transmit, copy, display, or make available" Evox images (TAC ¶ 89), among others. *See* ECF No. 191 at 3. Further, on a broader level, Evox argues that Yahoo was clearly aware that Evox's claims necessarily rested on the theories of distribution and reproduction. *Id.* Evox argues that it did in fact disclose information on these theories, including in response to interrogatories, where Evox indicated that it believes Defendants "distributed, transmitted, and copied" Evox images. *See id.* at 6.

Upon consideration of the parties' moving briefs, the Court finds that the additional theories of liability at issue have been forfeited and waived by Evox, as discussed in the Court's Order on the parties' Motions for Summary Judgment. Accordingly, Yahoo's Motion in Limine No. 4 is GRANTED.

### I.   Communications Between Counsel (Yahoo's Motion in Limine No. 5, ECF No. 173)

Counsel for the parties exchanged emails about the production of page view data (discussed above under "Discovery Disputes"), and Evox included certain of those emails in its motion for summary judgment. Yahoo seeks to preclude such emails from being introduced at trial. *See* ECF No. 173. Yahoo argues that these communications are not relevant, are prejudicial, lack foundation, and that the underlying information can be obtained from other witnesses. *See id.* at 3.

In response, Evox concedes that "*nearly* all" of the emails in question are not relevant, but argues that certain are relevant to understand additional documents that Yahoo produced alongside the page view data. *See* ECF No. 192 (emphasis in original). Evox explains that it included a large set of emails in its summary judgment motion for completeness. *See id.* at 2. Evox seeks to introduce a small portion of these emails—which it describes as admissions by a party opponent—to make clear that the additional documents produced by Yahoo were intended to limit Yahoo's liability. *Id.* at 4. Per Evox, such admissions are relevant to understanding these documents. *See id.*

Upon consideration of the parties' moving briefs, the Court finds that the vast majority of the communications at issue are irrelevant and unduly prejudicial, not to mention objectionable for other reasons.  The communications purporting to describe the documents produced in discovery are relevant, not unduly prejudicial, and not objectionable for any other reason. They are proper admissions of a party opponent. Accordingly, Yahoo's Motion in Limine No. 5 is GRANTED in part

1   and DENIED in part. The parties are ordered to meet and confer regarding the "small portion of

2   emails" described by Evox that describe the documents produced.

3       **J.   "Making Available" Theories (Yahoo's Motion in Limine No. 6, ECF No. 174)**

4       Yahoo seeks to prohibit Evox from presenting evidence or argument that Yahoo should be

5   liable solely because Yahoo "made available" Evox's images, as opposed to actually serving the

6   images to a substantial number of people. *See* ECF No. 174. Per Yahoo, both this Court and the

7   Ninth Circuit have rejected this theory, but Yahoo is now concerned that Evox intends to bypass

8   these rulings via its statutory damages claim—Evox will argue that so long as a small number of

9   images were served, damages should be enlarged because more images were made available. *See id.*

10  at 4.

11      Evox argues that Yahoo's motion is overbroad and would prohibit Evox from evidence

12  necessary to understand what occurred here. *See* ECF No. 193. Evox argues that it must explain to

13  the jury that AOL maintained a repository of approximately 300,000 Evox images, and that these

14  were still available, in order to lay the foundation for the infringement that occurred. *See id.* at 1.

15  Further, Evox argues that evidence on what was made available is relevant to other issues, including

16  public display liability, and relevant to rebutting Yahoo's arguments on "internal" storage, innocent

17  infringement, and lack of willfulness. *See id.* at 1–5. Finally, Evox argues that Yahoo overstates

18  previous rulings, and that to the extent they settle this issue, they should be reconsidered in light of

19  *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065 (9th Cir. 2021).

20      Upon consideration of the parties' moving briefs, the Court finds that it is improper to

21  prohibit Evox from arguing to the jury—just as in *Bell*—that Yahoo violated its display right by

22  displaying the images on a server that was publicly accessible to anyone with an Internet connection.

23  This is the state of the law in the Ninth Circuit, as the Court has explained in its Order on the parties'

24  Motions for Summary Judgment. Accordingly, Yahoo's Motion in Limine No. 6 is GRANTED in

25  part and DENIED in part.

26      / / /

27      / / /

28

### K.  2017 and 2022 Reports by Michael Del Monte (Yahoo's Motion in Limine No. 7, ECF No. 178)

Yahoo seeks to exclude reports prepared by longtime Evox Consultant Michael Del Monte ("Del Monte") in 2017 and 2022. *See* ECF No. 178. Del Monte "scrape[d]" AOL's Autoblog website and concluded that Evox images existed on AOL's servers. *See id.* at 2. He eventually submitted an expert report in 2023, but his 2017 and 2022 reports are as a fact witness. *See id.* at 2–3. Yahoo argues that these reports are improper testimony from a lay witness, and that they are inadmissible hearsay. *See id.* at 4–8. Yahoo further argues that they are unduly prejudicial under Rule 403, as a fact witness should not be permitted to offer expert-esque opinions. *See id.* at 8–10.

Evox argues that Yahoo is seeking to exclude key evidence on a technicality. *See* ECF No. 194. Evox notes that it disclosed Del Monte as a fact witness in its initial disclosures, eventually updated these disclosures to make Del Monte an expert, and that Yahoo opted not to retain a rebuttal expert. *See id.* at 1. Further, the story of Del Monte's 2017 and 2022 reports is crucial to understanding what occurred here and how Evox discovered the facts underlying this action. *See id.* Yahoo deposed Del Monte, asked about these reports at length, and then deposed him again as an expert. *See id.* at 3–5. Evox argues that in context, despite the unusual situation where Del Monte was initially a fact witness and then an expert, the change in status was harmless and the Court would be within its discretion to admit his reports. *See id.* at 6–10.

Upon consideration of the parties' moving briefs, the Court finds that the testimony offered by Del Monte is proper and he was properly disclosed. The Court finds that his reports may, however, constitute inadmissible hearsay. Unless Evox can identify a proper hearsay exception or explain why the reports fall outside of the hearsay definition, the reports are inadmissible. Accordingly, Yahoo's Motion in Limine No. 7 is GRANTED without prejudice to Evox demonstrating outside of the presence of the jury why the reports are not inadmissible hearsay.

### L.  Expert Testimony of Jonathan Hochman (Yahoo's Motion in Limine No. 8, ECF No. 180)

Jonathan Hochman ("Hochman") is Evox's technical expert and submitted two reports. The first addresses the license agreement, what AOL should have done when it ended, and AOL's state

of mind, while the second uses data from Google to calculate how many images were displayed after the agreement ended. *See* ECF No. 180 at 1–2. Yahoo seeks to exclude these reports, arguing that the first focuses on legal questions that are not appropriate for an expert and beyond Hochman's expertise, and that the second is not based on reliable principles and methods. *See id.* at 3–13. Yahoo takes particular issue with certain conclusions, including Hochman's interpretation of duties under the contract, Hochman's conclusions on AOL's state of mind, and calculations based on purportedly questionable assumptions. *See id.*

Evox characterizes Hochman's reports significantly differently and argues that they should be admitted. *See* ECF No. 195. Evox emphasizes that Hochman's first report provides important background info on how the images were used by AOL under the agreement and explains that the disputed portions focus on the standard of care when such agreements end, while the second report considers page view analytics. *See id.* at 2–4. Evox argues that all of this is appropriate expert testimony and is within Hochman's expertise. *See id.* at 5–11. Evox stresses that while Yahoo may disagree with Hochman's reports, Hochman is not obligated to accept Yahoo's theories of the case nor accept Yahoo's version of disputed facts. *See id.*

Upon consideration of the parties' moving briefs, the Court finds that the following topics are appropriate subjects of expert testimony on which Hochman is qualified to opine:

- Analysis of AOL Workflow and Image Delivery
- Analysis of Post-License Image Accessibility
- What technical steps Defendant could have taken to render EVOX images inaccessible after the term of the license agreement.
- Analysis of Defendant's Page View Analytics Data, and Related Calculations

The following topics are not appropriate subjects of expert testimony on which Hochman is qualified to opine:

- Standard of Care
- That Defendant's failure to render EVOX images inaccessible after the term of the license agreement breached the applicable standard of care.

1   Accordingly, Yahoo's Motion in Limine No. 8 is GRANTED in part (with respect to the "not

2   appropriate" topics listed above) and DENIED in part (with respect to the "appropriate" topics listed

3   above.

4   **M. Expert Testimony of Jeffrey Sedlek (Yahoo's Motion in Limine No. 9, ECF No. 181)**

5   Yahoo argues that the Court should exclude three categories of opinions from Evox's expert

6   Jeffrey Sedlek ("Sedlek"). *See* ECF No. 181. First, Yahoo seeks to exclude opinions about creative

7   expression, originality, copyright registrations, and related issues regarding Evox's photos. *See id.* at

8   2–5. All of these opinions relate to whether the copyright registrations are valid and owner by Evox,

9   which Yahoo describes as a legal conclusion that is improper for expert testimony. *See id.* Second,

10   Yahoo seeks to exclude Sedlek's opinions that each individual image (of nearly 300,000) has

11   independent economic value, which Yahoo argues is based on a report that 3,667 images were

12   individually licensed. *See id.* at 5–7. Yahoo describes this opinion as *ipse dixit* and unsupported by

13   the evidence, as well as unhelpful and an inappropriate usurping of the jury's role. *See id.* Third,

14   Yahoo seeks to exclude Sedlek's opinions on third-party uses (addressed above in Yahoo's third

15   Motion *in Limine*), the license agreement, and willfulness. Yahoo describes these as legal

16   conclusions, and notes that Sedlek's opinions have been excluded by other courts on this basis.

17   Evox responds that these are appropriate subjects for expert testimony and will be helpful to

18   the jury. *See* ECF No. 196. Evox argues that the first category is necessary to assist the jury in

19   determining whether the images are a compilation—which the parties agree is at issue—and not just

20   whether the copyrights are valid and owned by Evox. *Id.* at 3–5. Whether each photo has originality

21   is part of this inquiry, per Evox. *See id.* However, Evox concedes that expert testimony on ownership

22   and validity is unnecessary, so long as the jury is instructed on relevant law. *See id.* at 5. Second,

23   Evox argues that Sedlek's opinions will be useful to the jury in evaluating independent value, and

24   that Sedlek does not usurp the jury's role and actually come to a conclusion on this test. *See id.* at 6–

25   9. Third, Evox argues that Sedlek's opinion on third party use are relevant to the direct infringement

26   theory and willfulness, as a jury could conclude that the failure to prevent third parties from

27   accessing the photos shows willfulness. *See id.* at 9. Evox explains that it does not intend for Sedlek

28

1   to offer any opinion on the operation of the License Agreement, any breach, or the ultimate issue of

2   willfulness. *See id.* at 9–10.

3         Upon consideration of the parties' moving briefs, the Court finds that the proffered expert

4   testimony is relevant to the disputed issue of whether the images are a compilation, unless and until

5   the parties reach a stipulation on this issue. The proffered expert opinion on the group registration

6   process, third-party infringement, the License Agreement, licensing practices, and willfulness are

7   improper. No expert testimony is needed on the state of the law in the Ninth Circuit regarding

8   whether group registration renders a set of images a compilation. Accordingly, Yahoo's Motion in

9   Limine No. 9 is GRANTED in part and DENIED in part (with respect to the group registration

10  process, third-party infringement, the License Agreement, licensing practices, and willfulness).

11     **N.  Expert Testimony of Michael Del Monte (Yahoo's Motion in Limine No. 10, ECF**

12        **No. 182)**

13        Yahoo moves to exclude the expert report Del Monte eventually wrote (distinct from the

14  reports discussed above). *See* ECF No. 182. Yahoo first argues that Del Monte intends to improperly

15  testify on facts at issue as an expert. *See id.* at 3–4. Second, Yahoo argues that expert opinions Del

16  Monte reached are not reliable, as he did not fully explain how he conducted the analysis. *See id.* at

17  4–5. Third, Yahoo seeks to exclude all testimony on the "'04 file," a spreadsheet produced by AOL

18  that Del Monte identified discrepancies in, which Yahoo claims it does not intend to rely on and that

19  Yahoo's expert does not rely on. *See id.* at 6–7. Third, Yahoo seeks to exclude testimony on use of

20  images after the license period. *See id.* at 8–10. Del Monte did not review the license itself, but made

21  an assumption that the time period was triggered by AOL *downloading* an image. *See id.* Yahoo

22  argues that the time period was in fact triggered by *display* of the image—a significantly different

23  event—and that this renders the analysis incorrect and unhelpful.  Finally, Yahoo argues that all of

24  Del Monte's testimony is unduly prejudicial under Rule 403.

25        Evox makes several arguments in response. *See* ECF No. 197. First, Evox notes that Yahoo

26  stipulated that Del Monte should be an expert, and that Yahoo's new objection that he is improperly

27  opining on facts is in "disregard" of the prior agreement. *See id.* at 2. Evox disputes that Del Monte

28  does not explain how he conducted his analysis and argues that any such lack of explanation should

be tested at trial. *See id.* at 4–5. Evox concedes that testimony on the '04 file will be unnecessary if Yahoo does not rely on it. *See id.* at 5. Finally, Evox argues that Yahoo's objection to Del Monte's analysis of images used after the license period focuses on the wrong issue. *See id.* at 7–10. Evox argues that *legal analysis* is not an expert's job, and so whether Del Monte read or correctly interpreted the license agreement is not the key question (Evox also disputes whether Yahoo's interpretation is correct). *See id.* Del Monte's analysis focuses on the fact that images were used once it ended. *See id.* Evox argues that all of this is helpful to the jury. *See id.*

Upon consideration of the parties' moving briefs, the Court finds that the witness offered is a designated expert with appropriate credentials. Defendants' arguments go towards factual disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for opinions. Accordingly, Yahoo's Motion in Limine No. 10 is DENIED.

**IT IS SO ORDERED.**

Dated: July 28, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge