SCOTT A. EDELMAN, SBN 116927
  sedelman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Suite 4000
Los Angeles, CA  90067-3026
Telephone:  310.552.8500
Facsimile:   310.551.8741

PERLETTE MICHÈLE JURA, SBN 242332
  pjura@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
SHAUN A. MATHUR, SBN 311029
  smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant YAHOO INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>     v.<br><br>YAHOO INC.,<br><br>                    Defendants. | CASE NO. 2:20-cv-02907-MEMF(JEMx)<br><br>**YAHOO'S REQUEST FOR ADDITIONAL TIME TO PRESENT ITS DEFENSE AT TRIAL**<br><br>Trial:   August 14, 2023<br>Judge:  Maame Ewusi-Mensah Frimpong |

The Court's July 28 Order provides that "the Court will permit the parties 10 hours each to present their respective claims and defenses," and that "[u]pon a showing of good cause, the Court may permit additional time." Dkt. 252 at 1–2. Yahoo submits that good cause exists to grant Yahoo 15.75 hours to present its defense at trial.

In light of the Court's decisions to adopt a "making available" theory of copyright infringement, keep the number of images at issue for trial at the high end of 299,507 images, and allow Evox to claim willfulness, Yahoo expects that Evox will argue that Yahoo infringed 299,507 images and that the jury should award up to $150,000 for each such image, solely for the alleged storage of pictures of cars on a server for a few months after the parties' contract ended. A damages award of even one-hundredth of the maximum exposure would shock the conscience of any reasonable person, and Yahoo must be granted sufficient time to defend itself against Evox's claim.

This is especially true given the facts and issues to be presented at trial. For example, this case concerns complex technology not easily comprehended by lawyers and judges, much less lay jurors. The Ninth Circuit has repeatedly found it necessary in cases of alleged copyright infringement over the Internet to explain in lengthy opinions how digital images are stored on servers and transmitted over the Internet. *E.g.*, *Hunley v. Instagram, LLC*, --- F.4th ---, 2023 WL 4554649, at *1–3 (9th Cir. 2023); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1155, 1161 (9th Cir. 2007). And both parties anticipate presenting percipient and expert testimony on these topics—as it is critical that the jury understands how the technology works, as well as how the storage and transmission procedures work, to determine whether there was infringement and, if so, where on the scale of innocence to willfulness the infringement falls.

This case also involves a contract that delineated AOL's rights to use Evox's Automotive Image Library, even after the license terminated. To ensure the jury understands the parties' rights and obligations under the contract, and to adequately present its express license defense, Yahoo will need to present evidence and argument concerning the parties' negotiations and respective understanding of the agreement, and

cross examine Evox's witnesses on these points.

And as noted, this case involves a potential statutory damages award ranging from $200 to, as noted above, amounts that shock the conscience. A number of factors are relevant to determining how many "works" are at issue for statutory damages purposes and how much in damages should be awarded for any such work. *E.g.*, *VHT, Inc. v. Zillow Grp., Inc.*, 69 F.4th 983, 988–90 (9th Cir. 2023); *Sony Music Entm't v. Cox Commcn's, Inc.*, No. 1:18-cv-00950-LO-JFA, Dkt. 651 at 29–30 (E.D. Va. Dec. 19, 2019); *Stephen Wurth Photography, Inc. v. Wetpaint.com, Inc.*, 2018 WL 5266861, at *5 (C.D. Cal. Oct. 5, 2018); *Sullivan v. Flora, Inc.*, No. 3:15-cv-00298-wmc, Dkt. 254 at 2–3 (W.D. Wisc. Apr. 20, 2017); *Wild v. Peterson*, 2016 WL 3854242, at *4 (E.D. Cal. July 15, 2016); *Product Partners, LLC v. Latimer*, 2011 WL 13217211, at *3 (C.D. Cal. June 22, 2011). To equip the jury to answer those questions, Yahoo must present evidence of, among other things, Evox's image licensing practices, Evox's copyright registration process, the value of Evox's copyrights, the revenues (if any) Evox lost as a result of the alleged infringement, the expenses saved or profits reaped by Yahoo, the duration and scope of the alleged infringement, and the innocent intent of the Yahoo employees responsible for removing Evox images from Autoblog. Presenting this evidence and argument will take time.

Yahoo appreciates that the Article III judges in this District carry some of the heaviest caseloads in the country. But Yahoo did not choose this forum. Evox rejected Yahoo's offer to try this case before a magistrate judge, who the Court suggested might grant the parties more time. Dkt. 244. And to date, Evox has refused to stipulate to *any* of the facts that this Court found "established for trial" in its Summary Judgment Order (MSJ Order at 7), even though presentation of those facts to the jury would necessarily streamline the trial and time required for the parties to present their respective cases.

Yahoo has undertaken a meticulous review of its trial presentation in view of the time limits set by the Court. And Yahoo ensures the Court that it has carefully considered the Court's orders dismissing Yahoo's implied license defense and granting

Evox's motions *in limine*. Given those orders, Yahoo has elected to forego calling multiple witnesses to ensure a tight and efficient trial presentation. Yahoo nonetheless does not believe it can adequately present its defense in 10 hours. In particular, Yahoo anticipates needing 2.5 hours total for opening and closing arguments, and spending at least the following amount of time on each witness. The * indicates witnesses Evox says it intends to call according to its amended witness list.

| Witness | Topic(s) | Time |
|---|---|---|
| Barry Thompson* | Thompson will testify about Evox's background, history, and business model; Evox's licensing practices and license with AOL; Evox's compliance department and normal practice of investigating current and former licensees, including its investigation of AOL; and Evox's finances, revenues, and alleged damages. | 2.5 hours |
| Tyler Alexander* | Alexander will testify about Evox's compliance department and the specific steps Evox takes when executing its normal pattern of investigating current and former licensees; and the specific steps Evox took to investigate AOL after termination of the license. | 0.5 hour |
| Michael Del Monte* | Del Monte will testify about his consulting business; his history of working with Evox; and his verification of the results of Evox's investigation of AOL. | 0.75 hour |
| Dana Mitchell* | Mitchell will testify about Evox's FTP site and delivery of Evox's image library to AOL. | 0.5 |

| Jonathan Hochman* | Hochman will testify about image delivery and accessibility, the alleged steps AOL could take to render images inaccessible, and his analysis of page view data. | 1 hour |
|---|---|---|
| Jeff Sedlik* | Sedlik will testify about the purported creative expression, originality, and independent economic value of Evox's images. | 1 hour |
| Ray Dorman* | Dorman will provide an overview of Yahoo, AOL, and the Autoblog website. Dorman also will testify about Autoblog's use of automobile images; Autoblog's license with Evox; Autoblog's receipt, use, and removal of Evox images from the site; Autoblog's termination of the license with Evox; and Autoblog's investigation into Evox's allegations in 2018. | 2.25 hours |
| Tom Pitts* | Pitts will testify about Autoblog's editorial and research offerings; the use and removal of content on Autoblog, including Evox images; the steps he took to remove Evox images from the Autoblog website; the shutdown of the server that stored Evox images; and AOL's investigation into the allegations Evox made in 2018 concerning continued use of the images. | 2.25 hours |
| Jacob Qura* | Qura will testify about Autoblog's revenue during the relevant period and Autoblog's payment of license fees to Evox. | 0.5 hour |

| Robb Stokes* | Stokes will provide a high-level overview of content storage and delivery at AOL. He also will testify about the storage and delivery of Evox images on the Autoblog website; the removal of all Evox images from AOL's systems; and access logs and AOL's typical retention practices with respect to access logs, to the extent necessary. | 0.5 hour |
|---|---|---|
| David Kalat* | Kalat will provide his analysis of the page view data and render an opinion as to which Evox images may have been viewable after termination of the license. | 1.0 hour |
| Bob Sherwood | Sherwood will rebut the testimony of Evox expert Jonathan Hochman concerning the steps AOL could have taken to render the images inaccessible. | 0.5 hour |
| **Total (including opening and closing)** | | 15.75 |

In short, Yahoo has endeavored to narrow its trial presentation, but does not believe it can present all the necessary evidence and argument within the 10-hour time limit—and respectfully submits that it will be prejudiced in this case with significant exposure if it is required to do so. Accordingly, Yahoo requests the Court grant Yahoo just 5.75 more hours (15.75 hours total) to defend itself at this trial—a trial that has the potential to enormously impact not only on Yahoo, but also the tech industry at large in the wake of *Bell,* as well as the dozens of other former licensees of Evox experiencing litigation and threats of litigation from Evox based on similar alleged conduct.

DATED: August 7, 2023

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Scott A. Edelman*
      Scott A. Edelman

Attorney for Defendant YAHOO INC.